ALVAH MILLER, Respondent, *v.* CHARLES S. P. BOWLES et al.

NATHAN APPLETON *v.* HENRY J. STEVENS, Assignee, etc.,
Appellant.

An assignment to an assignee, duly appointed in proceedings under the
bankrupt act, dissolves the lien of an attachment sued out of a State
court and levied upon the property of the bankrupt within four months
of the commencement of such proceedings. (14 U. S. Stat. at Large,
517, § 14.)

The appointment by the State court of a receiver of the property of the
bankrupt and a transfer to him of the attached property prior to the
appointment of the assignee, does not alter the rights of the parties or
entitle the attachment creditor to preference in payment of any judg-
ment he may obtain.

*Miller* v. *Bowles, Appleton* v. *Stevens* (2 N. Y. S. C. [T. & C.], 568) reversed.

(Argued June 3, 1874; decided September 22, 1874.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, affirming an order of
Special Term directing that the receiver, appointed in the
action second above entitled, pay out of the funds and prop-
erty levied upon by virtue of an attachment issued in the
action first above entitled and delivered by the sheriff to the
receiver, the amount of the judgment obtained by the plaintiff
therein, with costs, expenses, etc. (Reported below, 2 N. Y.
S. C. R. [T. & C.], 568.)

The action first above entitled was originally begun against
Charles S. P. Bowles, R. Gordon Bowles, William B. Bowles,
Nathan Appleton, Robert C. M. Bowles and Henry C.
Stetson, as members of the firm of Bowles, Brothers & Co.,
by attachment issued on the 13th day of September, 1872,
against defendants as non-residents. It was subsequently, on the
10th day of October, 1873, discontinued as against R. Gordon
Bowles for the reason that he never was a partner of the firm;
and it was also, on the same date, as against Nathan Appleton,
on the ground that he was a special partner only in said firm,
and judgment was taken on the 13th of October, 1873, for

$2,981.68, gold coin, and $464.63, currency, against the other defendants.

On the 21st of November, 1872, the action second above entitled was commenced, the plaintiff asking for a receiver of the partnership effects, claiming to be a special partner and asking a dissolution and accounting. On that day the order was made appointing the receiver, and on the 27th January, 1872, a final decree dissolving the partnership and continuing the receiver was entered in this cause.

Prior to the last order, on the 30th November, 1872, on cause shown therefor, the court directed the sheriff to hand the property attached in the suit of Miller over to the receiver, subject to the rights acquired by the sheriff and the plaintiffs in the suit of Alvah Miller.

On February 3d, 1873, a petition in bankruptcy against Bowles Brothers was filed in Massachusetts and an assignee appointed, under proceedings thereunder, March 17th, 1873.

Miller having obtained a judgment in his action as aforesaid applied to this court to be paid out of the money in the receiver's hands, which motion was granted; the order thereon being the one appealed from as aforesaid.

*Charles H. Woodruff* for the appellant. The attachment in favor of Miller was dissolved by the proceedings in bankruptcy. (Bankruptcy Act, § 14; *Corner* v. *Mallory* [Md.], 1 Nat. Bk. Reg., 98; affirmed, on appeal, 31 Md., 468; *Gardner* v. *Cook* [R. I.], 7 Nat. Bk. Reg., 346; *Parks* v. *Sheldon*, 36 Conn., 467; *Randell* v. *McLain*, 40 Geo., 162; *Mixer* v. *Excelsior Co.*, 65 N. C., 552; *Miller* v. *O'Brien*, 9 Blatch., 271; *Pennington* v. *Lowenstein* [Miss.], 1 N. B. R., 157; *In re Housberger* [N. Y.], 2 id., 33; *In re Stevens*, 5 id., 298; *Knox* v. *Marshall*, 16 Wall., 551.)

*Everett P. Wheeler* for the respondent. The receiver having been appointed and having taken possession of part of the assets prior to the filing of the petition in bankruptcy, cannot be disturbed in his possession by the assignee. (*Sedgwick* v. *Mink*, 6 Blatch., 156; *In re Clark* v. *Bininger*, 4 Bene., 88;

*Alden* v. *B., H. and E. R. R. Co.*, 5 Bk. Reg., 230; *Clark* v. *Bininger*, 38 How. Pr., 341; *Taylor* v. *Carryl*, 20 How. [U. S.], 583.) The United States have no power to prescribe rules of evidence to be followed in the State courts, or rules for the transfer of property within the States. (*People* v. *Gates*, 43 N. Y., 40; *Carpenter* v. *Snelling*, 97 Mass., 452; *Moore* v. *Moore*, 47 N. Y., 467.) State courts cannot entertain a bill filed by an assignee to set aside transfers of property in violation of the provisions of the bankrupt act. (*Brigham* v. *Claflin*, 31 Wis., 607; *Voorhies* v. *Frisbie*, 25 Mich., 476; *Dudley* v. *Mayhew*, 3 N. Y., 9.) The Supreme Court had no power to give the assignee any relief under the provisions of the bankrupt act. (Bankrupt Act, § 20; *Marshall* v. *Knox*, 16 Wall., 551; S. C., 8 Bk. Reg., 97; *In re Bernstein*, 2 Bene., 44; *In re Bigelow*, id., 469.) When the assets of a partnership pass into the hands of a receiver to wind up the affairs of the concern, the creditors have a lien on the assets for the payment of their debts. (Story on Part., §§ 97, 326, 360; *Menagh* v. *Whitwell*, 52 N. Y., 146; *Kelly* v. *Scott*, 49 id., 595.) The preference obtained by Miller is not void under the bankrupt act. (*Wilson* v. *City Bk.*, 17 Wall., 473.) Even if the lien of this attachment had not been confirmed by the order and judgment of the court, it is not affected by the proceedings in bankruptcy. (*Anderson* v. *Roberts*, 18 J. R., 527 *et seq.*; *Peck* v. *Jenness*, 7 How. [U. S.], 624.) The receiver is not prevented from paying Miller by the fact that the assignee has commenced a suit in the United States Circuit Court to recover these assets. (*DeGroot* v. *Jay*, 30 Barb., 483; *Chuck* v. *Crewer*, 1 Cooper Cas., 205; *Hewitt* v. *McCartney*, 13 Ves., 560.)

JOHNSON, J. The appellant, who is the assignee in bankruptcy of Bowles, Brothers & Co., contends that the attachment sued out in this State by Alvah Miller against them was dissolved and its lien discharged by the proceedings in bankruptcy. Under the fourteenth section of the bankrupt act it is distinctly provided that the assignment

to the assignee in bankruptcy shall relate back to the commencement of the proceedings in bankruptcy, and that thereupon, by operation of law, the title to all the property and estate of the bankrupt, both real and personal, shall vest in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings. The language of the statute is plain and distinctly covers the attachment sued out by Miller. That attachment was not final but mesne process. Its effect as available to Miller depended altogether upon the result of the suit in which it was issued. The lien or interest of Miller was merely conditional. If he obtained judgment in his favor the attachment would be beneficial to him. If there could be any doubt as to the meaning of the statute, looking at its language alone, the history of the clause in question will put an end to it. Under the bankrupt act of 1841, which contained no such clause, a question was made whether proceedings in bankruptcy cut off the lien of attachments; judicial opinion was divided on the subject. Judge STORY, in several cases in his circuit, decided that such liens were cut off under the act. (*Ex parte Foster*, 2 Story, 131.) On the other hand, several of the State courts, and, finally, the Supreme Court of the United States, decided the other way. (*Peck* v. *Jenness*, 7 How., 612.) It was, undoubtedly, to reverse this rule and make the intention of Congress clear, that the declaration in question was introduced into the present bankrupt law. The learned judge who gave the opinion of the Supreme Court in this case, refers to the case of *Wilson* v. *City Bank of St. Paul* (17 Wall., 473) as a controlling authority in favor of sustaining Miller's attachment. The case had not been reported at the time it was thus referred to; and upon examining the reported case it appears plainly to have no bearing upon the present question. It related to the question of fraudulent preferences under the thirty-fifth section of the bankrupt act, and to the effect of the bankrupt proceedings on a lien on final process.

The case of *Marshall* v. *Knox* (16 Wall., 552) turned upon the distinction between a lessor's lien for rent under the law of Louisiana and the lien of an attaching creditor which only becomes a perfected lien by the judgment which may ensue. (P. 558.) The lien of the lessor was sustained, as being " one of the strongest and most favored in the law of Louisiana." We are of opinion, therefore, that the proceedings in bankruptcy did dissolve the lien of Miller's attachment, and that the rights of the assignee must prevail over his claims unless, by the proceedings in the 'Supreme Court, some new right has become vested in Miller. Such cannot be the effect of the proceedings which were taken. The appointment of the receiver and the transfer of the custody of the attached property, from the sheriff to him, altered no one's right, and did not profess to alter them. Receivers are part of the machinery by which equity protects and secures the rights of parties. Their custody is that of the law, and is in its nature provisional and suspensive, leaving the rights of the parties. concerned to be controlled by the ultimate judgment of the court. Miller, therefore, had no lien upon the property attached at the time when his judgment was obtained, and there was therefore no foundation for the order at Special Term, which has been affirmed at General Term, giving preference in payment to Miller's judgment.

The orders at General and Special Terms should be reversed, with costs.

All concur.

Orders reversed.