ALFRED J. DICKERSON, Respondent, *v.* BENJAMIN H. SPAULDING and WILLIAM H. LONG, Assignees in Bankruptcy of BENJAMIN H. SPAULDING, Appellants.

*Bankruptcy — attachment vacated by State court.*

An attachment against the property of the defendant, obtained less than four months before the filing of a petition in bankruptcy against him, is dissolved by the adjudication and assignment in bankruptcy, and the assignee in bankruptcy is entitled to have an order entered by the State court declaring the attachment dissolved, and directing the sheriff to deliver over the property attached by him to such assignee.

The application being to compel the sheriff to do an act, he is entitled to notice.

Appeal by the plaintiff from an order of the Special Term, denying a motion to have an attachment declared dissolved, and the sheriff directed to deliver over property in his hands to an assignee in bankruptcy.

*William B. Hornblower*, for the appellants. An order should have been granted declaring the attachment dissolved. (*Kent* v. *Downing*, 44 Geo., 116; *Gibson* v. *Green*, 45 Miss., 209; *Johnson* v. *Bishop*, 1 Wool., 324; *Doe* v. *Childress*, 21 Wall., 647; *Louden* v. *King*, 50 Geo., 302; *Corner* v. *Miller*, 1 N. B., 403; affirmed, 31 Md., 468; *Mixer* v. *Excelsior Oil and Guano Co.*, 65 N. C., 552; *Randall* v. *McLain*, 40 Geo., 162.) The sheriff should have been directed to deliver over to the assignee the property attached, or so much of the proceeds thereof as remained in his hands. (*In re Geo. S. Ward*, 9 N. B., 349 [U. S. Dist. Ct. E. D. of Mich.]; *In re Preston*, 6 N. B., 545 [U. S. Dist. Ct. Wash. Ter.]; *In re Fortune*, 2 N. B., 662 [U. S. Dist. Ct. Mass.]; S. C., Lowell, 306.) If he has any claim whatever, he must apply to the bankrupt court to have it liquidated. (*In re Fortune*, Lowell, 306; *In re Ward*, 9

N. .B., 349; *Zeiber* v. *Hill*, 8 N. B., 239; S. C., 1 Sawyer, 268; *Gardner* v. *Cook*, 7 N. B., 346 [U. S. Dist. Ct. R. I.].) The filing of a petition in bankruptcy is notice to all the world. (*Miller* v. *O'Brien*, 9 Blatchf., 270; *In re Preston*, 6 N. B., 545.)

*J. Sterling Smith*, for the respondent.

BRADY, J.:

This action was commenced on the 20th of July, 1875, by attachment against the defendant Spaulding. On the twenty-third of July following an involuntary petition in bankruptcy was filed against him in Massachusetts. On the twenty-ninth July an order to sell the property attached, as perishable, was granted. On the thirty-first of July the property was sold by the sheriff, under the order, and on the fifteenth of September, judgment having been entered herein and an execution issued, the sheriff, after deducting his costs, fees and disbursements, paid the balance of the proceeds of sale in his hands to the plaintiff's attorney, which was not sufficient to satisfy the execution, and then returned the execution as unsatisfied in part. On the fourth of September an adjudication of bankruptcy was entered against Spaulding, and on the twenty-first of September an assignment in bankruptcy was duly executed. On the thirtieth September, on motion of the attorneys for the assignees in bankruptcy, the plaintiff was ordered to show cause why the attachment issued herein should not be declared dissolved and the sheriff of this county should not be directed to deliver over the property attached by him to the assignee in bankruptcy. This motion was denied, and, from the memorandum made by the learned justice who heard the motion, upon the ground that if the assignee was entitled to the relief he sought, he should proceed to obtain it in the court in bankruptcy. It does not appear from the papers that the order mentioned, to show cause, was served upon the sheriff, or that he appeared on the motion made in pursuance of it. This objection is now taken, and it disposes of this appeal, so far as the sheriff is concerned. The application being to compel him to do an act, he was entitled to notice, and the omission to give it is fatal to the proceeding against him.

In reference to the other part of the motion it must be said that

it should have been granted, although, perhaps, it was unnecessary to make it. The act of Congress (14 U. S. Statutes at Large, 522, § 14) provides that the assignment shall relate back to the commencement of proceedings in bankruptcy, and shall dissolve any attachment made within four months next preceding the commencement of the proceedings in bankruptcy. Such is its effect. (*Miller* v. *Bowles*, 58 N. Y., 253.) It follows that whatever property remains in the hands of the sheriff must be handed over to the assignee on his demand, and a proper authentication of his appointment as such. If an order dissolving the attachment be not made it will not appear upon the record in this court that it was so disposed of, and the assignee must depend upon the legal operation of the assignment to him, duly proved, to accomplish that end. It is, doubtless, the better practice to grant the order, and thus remove all question of the fact that the proceedings required by law have been taken to invest the assignee and divest the sheriff and others of any right to hold property of the debtor, not claimed by absolute ownership. The result of this consideration is that the order appealed from must be reversed, without costs to either party, and the motion to dissolve the attachment be granted.

Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed without costs; motion to dissolve attachment granted.