J. DAVIS DUFFIELD AND OTHERS, AS ASSIGNEES, ETC., OF CHARLES T. YERKES & CO., APPELLANTS, *v.* HARRY L. HORTON AND DAVIS JOHNSON, RESPONDENTS.

*Bankruptcy proceedings — effect of, on attachment — liability of one paying over money to sheriff under.*

An assignment to an assignee, duly appointed, in proceedings under the bankrupt act, dissolves the lien of an attachment issued out of a State court, where the property of the bankrupt has been levied upon within four months of the commencement of such proceedings.

Where, in such a case, the person owing to the bankrupt the money levied upon under the attachment delivers the same to the sheriff upon an execution issued upon a judgment recovered in said action, not knowing that an assignee in

bankruptcy had been appointed after the attachment and before the judgment, he is liable to such assignee for the value of the property so delivered.
*Miller* v. *Bulles* (58 N. Y., 253) followed.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court, without a jury.

*Sidney S. Harris*, for the appellants. The filing of the petition in bankruptcy, followed by the adjudication of Yerkes as a bankrupt, dissolved the attachment issued in the suit of *Bouvier* v. *Yerkes*. (Bankrupt Act, 1867, § 14; *Miller* v. *Bowles*, 58 N. Y., 263; *In re Preston*, 6 Bankruptcy Reg., 545.) Bouvier had no lien at the time he recovered judgment, and acquired none by the recovery of the judgment or the issuing of the execution. (*In re Hinds*, 3 Bank. Reg., 92; *Edmeston* v. *Lyde*, 1 Paige, 637; *Corning* v. *White*, 2 id., 567; *Carroll* v. *Cone*, 40 Barb., 220, affimd. by Ct. of Apps., 41 N. Y., 216.) Only liens are preserved. (Bump on Bank., 586 [8th ed.].) When a judgment is not a lien by State law, it is not so treated by bankrupt act. (*In re McIntosh*, 2 B. R., 506; *In re Covart*, 3 id., 508.) And this lien must attach before proceeding in bankruptcy. (1 B. R., 199–599; 2 id., 388; 1 id., 165; 1 id., 190.) The defendants had constructive notice of the bankrupt proceeding. (*People* v. *Dole*, 38 Me., 558; *Oakey* v. *Corry*, 10 La. An., 502; *In re Lake*, 6 Bank. Reg., 542; *In re Grigg*, 3 id., 131; *Ex parte Vogel*, 2 id., 138; *In re Wynne*, 4 id., 5.) The plaintiffs can recover of defendants the amount due by them to Yerkes, disregarding the proceedings in Bouvier suit. (*Stevens* v. *Mechanics' Savings Bank*, 101 Mass., 109; *Mays* v. *Man. Nat. Bank*, 64 Penn. St., 74; *S. C.*, 4 B. R., 147; Bankrupt Act of 1867, §§ 14, 15 and 16; *Miller* v. *O'Brien*, 9 Bankrupt Reg., 26; *In re Grinnell*, 9 id., 29–36; *In re Hall*, 2 id., 68.) The plaintiffs, as assignees, succeed to the rights of creditors, as well as the rights of the bankrupt, and may contest the validity of a payment, although the bankrupt could not. (*In re Metzger*, 2 Bank. Reg., 114; *Foster* v. *Hackley*, 2 id., 131; *Bradshaw* v. *Klain*, 1 id., 146.) Congress has the power to divest the lien by attachment. (Bump on Bank. [8th ed.], 495, and cases cited; *In re Brand*, 3 B. R., 85; *In re Williams*, 2 id., 29; *In re Ellis*, 1 id., 154; *In re Hornet*, id., 98.)

*R. A. Wight*, for the respondents.

Davis, P. J.:

On the trial the court below found the following facts and conclusion of law:

"1. I find that on the 18th day of October, 1871, one John V. Bouvier commenced an action against Charles T. Yerkes, and on that day attachment was issued in said action, which was served on the defendants, who were then owing Yerkes the sum of $566.96.

"2. I find that on the 10th day of November, 1871, a petition in bankruptcy was filed by a creditor of Yerkes in the United States Court for the eastern district of Pennsylvania against Yerkes, and such proceedings were had that, on the 13th day of December, 1871, Yerkes was duly adjudicated a bankrupt.

"3. That on the 30th day of December, 1871, Bouvier recovered a judgment in his action against Yerkes.

"4. That on the 5th day of January, 1872, a warrant in bankruptcy was issued out of said court to the marshal of that court, to which the marshal made his return, which appears in evidence.

"5. That on the 23d of January, 1872, the plaintiffs were appointed assignees in bankruptcy of all the estate and effects of Yerkes by the same court, and on the 24th of January, 1872, the register in bankruptcy executed to the plaintiffs an assignment by them of all the property, effects, etc., of said Yerkes, which he had on the 10th day of November, 1871.

"6. That the marshal published the warrant and notices relating to same, as appears by his return.

"7. That the plaintiffs published, as required by law, the usual notices of their appointment in four newspapers, three of which were published in Philadelphia and one in New York city, once a week for five weeks.

"8. That all the proceedings in bankruptcy were regular, and the usual notices in such proceedings were served and published as required by that act.

"9. That on the 3d of January, 1872, the defendants paid to the sheriff of the city of New York the sum owing by them to Yerkes, to wit, $566.96, who then held an execution on said judgment in favor of Bouvier, issued to him on the said 30th day of December, 1871.

"10. That the defendants had no knowledge of the bankruptcy

proceedings against Yerkes, until after the payment to the sheriff of the balance in their hands.

" As conclusion of law, I find that the defendants are entitled to judgment, with costs."

The only question in this case is as to the correctness of the conclusion of law that follows upon the findings. We think the case is controlled by *Miller* v. *Bowles* (58 N. Y. 253), where it was held that an assignment to an assignee duly appointed in proceedings under the bankrupt act, dissolves the lien of an attachment sued out of a State court, levied upon the property of the bankrupt within four months of the commencement of such proceedings.

In accordance with that case judgment should have been ordered upon the facts found by the court in this case in favor of the plaintiff. There is no controversy as to the facts in the case, and no necessity for a new trial.

The judgment must, therefore, be reversed, and judgment directed for the plaintiff for the sum of $566.96, with costs of the court below and of this appeal, to be adjusted.

Brady and Daniels, JJ., concurred.

Judgment reversed; judgment directed for plaintiff for $566.96, with costs of the court below and of this appeal, to be adjusted.

