S. S. BOONE, administrator, plaintiff in error, vs. A. and W. MORGAN, defendants in error.

A judgment of a Judge of the Superior Court overruling a demurrer to a bill is not a proper subject matter for the consideration of this Court in a bill of exceptions brought here under the provisions of the Act of October 29th, 1870.

Equity Practice. Parties. Bill of Exceptions. Before Judge CLARK. Chambers. Sumter County. February, 1872.

A. and W. Morgan, sons of Hardy Morgan, upon the averments stated in the bill, asked that Boone, as administrator of Jackson, be enjoined from selling said land as the property of Jackson, and that he be compelled to make a conveyance thereof to Mrs. Daniels, formerly widow of Jackson. A demurrer to the bill was overruled and the injunction was granted. This is assigned as error.

ELAM & HAWKINS, for plaintiffs in error.

W. A. HAWKINS, for defendant.

MONTGOMERY, Judge.

This bill was filed by the defendants in error against the plaintiff in error, alleging that plaintiff in error, as administrator, had sold the reversionary interest of the estate in the dower of intestate's widow; that it had been bid in by the widow for $2,000 00; that the father of complainants desiring to purchase the property applied to the administrator to know

if the widow's title was good; that he said it was, as the widow had an interest in the estate of more than two thousand dollars; that the father, Hardy Morgan, then bought; that the administrator did not make titles to the widow and he is now threatening to sell the land as the property of the estate. It nowhere appears what interest the complainants have in the land, except that their said father " being desirous of advancing to orators an amount of property, sought Mrs. Daniel (the former widow, who had married a second time,) to purchase the said land for the said purpose." Whether the titles were ever made to them or not the bill does not disclose. It purports to have attached to it a copy of the bond for titles and the deed, but no such papers are attached.

The bill further shows that Hardy Morgan made the purchase "and entered into possession of said land and property; and your orators further show that William Morgan is the owner of the lands that belonged to said estate, and they are now owning and using the entire plantation, except six or seven hundred acres, under the purchase aforesaid, and the latter purchase made by orator, William H." The prayer is that the administrator be decreed to make a title to the widow and that he be enjoined from selling.

1. Upon the whole, we think the allegations in the bill somewhat too meager and indefinite to warrant the injunction granted, and that Hardy Morgan and Mrs. Daniels should be parties complainant to the bill, or such facts be alleged as will show that they have no further interest in the matter. If the widow has made a warrantee title to Hardy Morgan, she is certainly interested in having the titles made perfect, and Hardy Morgan, for aught that appears in the bill, is still the holder of the legal title. All this, however, is proper subject-matter of amendment.'

2. The Act of October 29th, 1870, entitled "an Act to prescribe the practice in cases of injunctions and other extraordinary remedies in equity, and the manner of taking

judgments on the same to the Supreme Court," makes no provision for this Court to review judgments on demurrer.

Judgment reversed so far as the injunction was granted.