JORDAN *et al. vs.* KELLY & BROTHERS.

1. A decree at chambers dismissing a bill on demurrer cannot be reversed by a "fast" writ of error.
2. When there are two defendants to a bill, and an injunction and receiver *ad interim* are prayed for against both, and at the hearing of the application no injunction is granted or receiver appointed, and the complainant assigns for error, among other things, that the judge erred in not appointing a receiver as prayed for, both defendants are necessary parties to the writ of error, and if one of them be served with the bill of exceptions, and the other not, the writ will be dismissed.

Injunction.   Parties.   Practice in the Supreme Court. September Term, 1880.

Jordan and others filed their bill against Frances C. Jordan and Kelly & Brothers, making, in brief, this case:

Complainants were remaindermen in certain land, of which the defendant, Frances C. Jordan, was the life-tenant.

In 1875 she conveyed the most valuable portion of this land to Kelly & Brothers, its chief value being derived from the timber thereon. The life-tenant has committed waste, allowed the property to go to decay, by which she has forfeited her estate. Kelly & Brothers are committing waste, have already felled a large portion of the timber, and are preparing to cut what remains. They pray that defendants be enjoined from any further waste, that an accounting be had for that already committed, that a forfeiture of the life-estate be decreed, and that a receiver be appointed to preserve the property during the litigation.

Service was acknowled by all of the defendants to the bill. Upon the hearing of the application for injunction, which was at chambers, on the 5th of December, 1879, Kelly & Brothers demurred on the following grounds:

1. Because there is no equity in the bill.

2. Because it is multifarious, introducing matters in which these defendants have no interest, and also a party who has, and can have, no interest in the litigation affecting the rights of the parties filing this demurrer.

Frances C. Jordan made no defense.

The chancellor sustained the demurrer, dismissing the bill as to Kelly & Brothers. To this judgment complainants excepted, and assigned error as follows :

1. In sustaining said demurrer and dismissing the bill as to Kelly & Brothers.

2. In not granting an injunction against Kelly & Brothers, and in not appointing a receiver as prayed for.

Kelly & Brothers acknowledged service of the bill. No service was perfected on Frances C. Jordan.

The case was carried up under the expeditious law relating to injunctions.

When the case was called in this court, counsel for Kelly & Brothers moved that the writ of error be dismissed because the ruling on the demurrer could not be reviewed under this writ of error, and the refusal of the injunction and to appoint a receiver, could not be passed on because of the failure to make Frances C. Jordan a party to the bill of exceptions.

The motion was sustained.

BARTLETT & ANDERSON ; C. B. BARTLETT, for plaintiffs in error.

BOLLING WHITFIELD, by JACKSON & LUMPKIN, for defendants, cited, on motion to dismiss, Code, §4259 ; 57 *Ga.*, 197 ; 12 *Ib.*, 270 ; 7 *Ib.*, 510 ; 10 *Ib.*, 1 ; 2 *Ib.*, 408, and distinguished 16 *Ib.*, 47.

BLECKLEY, Justice.

1. The decision complained of was not made before the return day of the present term, so as to come here by an ordinary writ of error, but was made during the term, and comes up by what may be called a "fast" writ, under sections 3213 and 3216 of the Code. The decree dismissing the bill on demurrer is, therefore, not before us as a direct matter for review. 44 *Ga.*, 634 ; 58 *Ib.*, 184. If it were, the parties here would be sufficient as to it, for that decree

was rendered on the separate demurrer of Kelly & Brothers, and they alone were parties to it on the defensive side of the case. *McGaughey vs. Latham,* last term. A writ of error like the present can bring hither only the extraordinary elements of the case, to-wit: the matters of injunction and receiver. If these are here properly, and if it should be found that the judge erred as to them, it might follow (and I think it would) that the correction of that error would, by way of incident, work a substantial reversal of the judgment on demurrer, and *ipso facto* reinstate the bill. It seems to me obvious that where a complainant is entitled to an injunction or to a receiver, and the same is denied erroneously, he cannot be deprived of the benefit of his "fast" writ of error by reason of the addition of one error to another ; that is, by reason of adding the error of dismissing the bill to that of denying the injunction or receiver.

2. But we think the present case is not here properly as to the extraordinary elements, and that the motion made by the defendants in error to dismiss the writ must prevail. The defect is that Frances C. Jordan, one of the defendants to the bill of complaint, has not been served with the bill of exceptions, and is therefore, under section 4259 of the Code, not a party to the writ of error. Section 3213 distinctly requires service upon the "opposite party" within fifteen days from the signing of the bill of exceptions. The bill of complaint prayed for an injunction and receiver as to all the property and as to all of the defendants. The prayer was wholly denied ; and one of the assignments of error is that the judge erred in not appointing a receiver as prayed for. It is manifest that Mrs. Jordan is interested in the case as it stands in this court, and there can be no doubt that she is one of the "opposite party," and ought to have been served, and thus made a party here.

Let the writ of error be dismissed.