## PURDOM NAVAL STORES COMPANY *v.* KNIGHT.

1. A deed granting the right to work growing trees in this State for turpentine purposes, which provides that "the said timber is to be boxed during the season of 1905 or 1906," and that "the said right for turpentine purposes is to run for a period of four years from the time each lot is boxed," must be construed in connection with section 496 of the Penal Code of this State. So construed, the boxing season of 1905 commences November 15, 1905, and ends March 15, 1906, and is separate and distinct from the boxing season of 1906, which begins November 15, 1906, and ends March 15, 1907.

(a) Where the grantee was engaged in boxing trees between the 1st day of January and the 15th day of March, 1907, he was within the term specified in his lease, and could not be enjoined upon the ground that his time for boxing had expired.

(b) The period for boxing was restricted to the seasons of 1905 and 1906, and no trees could be worked except those which were boxed during those seasons.

(c) The plaintiff having set forth in his petition the contract, and having alleged facts making it affirmatively appear that the boxing complained of was within the terms specified in the lease, the petition was open to general demurrer.

2. Where upon the interlocutory hearing of an injunction, after the appearance term of the case, the judge overruled a general demurrer to the petition and granted an injunction, and the defendant by direct bill of exceptions assigned error upon each ruling within 20 days after the rendition of the judgment complained of, and the bill of exceptions was filed more than 30 days before the next term of the Supreme Court, it is within the power of the court at the call of the docket for "fast" writs to review both rulings of which complaint is made.

3. In view of the construction given the contract as expressed in the first headnote, the judge committed error in overruling the general demurrer and also in granting the injunction.

Submitted October 26,—Decided November 16, 1907.

Injunction. Before Judge Mitchell. Berrien superior court. August 23, 1907.

W. C. Knight instituted suit against the Purdom Naval Stores Company, seeking to enjoin that company from boxing and working the pine trees on certain described land for turpentine purposes. It was alleged, that the defendant was attempting to box and work the trees under and by virtue of authority of a certain grant previously made by the plaintiff to the defendant, wherein it was provided, among other things, that "the said timber is to be boxed during the season of 1905 or 1906," and that "said right for turpentine purposes is to run for a period of four years from the time each lot is boxed;" that the defendant had not previously entered upon the lands for the purpose of boxing them, but that on the 12th day of February, 1907, an entry was made by the defendant for the purpose of boxing and commencing to work and box the trees and continuing the same for a period of four years thereafter; and that this entry was not authorized, for the reason that the time specified in the lease at which the Purdom company should commence boxing had expired on the last day of December, 1906. This was the only contention made by the plaintiff against the right of the defendant to box the trees for turpentine purposes. The defendant filed a general demurrer and an answer. After the appearance term there was an interlocutory hearing, when the judge overruled the demurrer and granted an injunction. The defendant excepted to both rulings.

*Hendricks & Christian,* for plaintiff in error.

*Buie & Knight,* contra.

ATKINSON, J. 1. From the statement of facts it will be readily seen that the controlling question is upon the construction of the contract. If it affirmatively appears from the petition that defendant did not overreach the terms of the contract, the plaintiff would have no right to the injunction, and a general demurrer should receive favorable consideration. In fixing the date at which the term should begin, the parties stipulated for no definite day, but provided that the time should begin "at the time each lot is boxed," and provided that the timber "is to be boxed during the season of 1905 or 1906." The word "season" is not limited to one day, but contemplates a longer time. Cases are cited in 7 Words & Phrases, 6376, which construe the meaning of the word "season." In the present case the parties stipulated that the boxing should be accomplished either during the season of 1905 or during the season of 1906. The defendant was at liberty to box upon any date during either season. There are instances, as will be observed from examination of the cases referred to in Words & Phrases, supra, where the word "season" is not defined by law. In all such instances it is proper to consider evidence to ascertain the limit of time expressed in a given season. But the case now under review contemplates the season for the boxing of trees for turpentine purposes, and the period within which that can be done is fixed by statute. Being fixed by statute, the court knows as a matter of law the particular time contemplated by the use of the word "season" as employed in this case, and may deal with it on demurrer. Penal Code, §496, provides: "Any person who shall cut turpentine boxes at any other season of the year than from the fifteenth of November to the fifteenth of March, on his own land or the land of another, shall be guilty of a misdemeanor. The fine shall be paid over to the county treasurer." It is thus made a penalty by statute to box trees for turpentine purposes at any other time than between the dates of the 15th of November of one year and the 15th of March of the succeeding year. By making it unlawful to box at any other time, the statute necessarily fixes the limit of the boxing season. Therefore, when reference is made to the boxing season, as in the present case, the parties can be understood to refer to

no other time than that wherein they are permitted by law to box. The word "season," as used in the contract, has a definite meaning, so made by statute. The contract must be construed in the light of the statute, and it will be conclusively presumed that by the use of the word "season" the parties contemplated the period of time fixed by statute during which it is lawful to box. Under this view a season will begin in one calendar year and end in the succeeding year. But the time is continuous. There is no break. When reference is made to the season of 1905, the entire season is contemplated. So when it was provided that the defendant should box during the season of 1905, it was entitled to box for a whole season. The right could not be restricted to the period intervering between November 15, 1905, and the end of the year, because that would deprive the defendant of the remaining 2 1-2 months of the season in·which the boxing was authorized by law to be done. That would altogether defeat the intention of the parties, who had contracted for a full season. The same may be said with respect to the season of 1906. We may therefore safely conclude that, in view of the statute, the parties, while contracting, contemplated that the season of 1905 would commence on the 15th day of November of that year and end on the 15th day of March, 1906, and that the season of 1906 would commence on the 15th day of November of that year and end on the 15th day of March, 1907. The use of the disjunctive "or" emphasized the fact that the parties contemplated the two seasons separately. Having provided that the boxing should be done during either season, the defendant had all or any part of either season in which to box. After boxing the trees, it had the right for the full term ·of four years thereafter to otherwise work for turpentine purposes the trees which were actually boxed during that season, but not any other trees. The intention is clear, from the mandatory language, "The said timber is to be boxed during the season of 1905 or 1906," that no boxing was to be done thereafter. The plaintiff's petition sets forth the contract in full, and affirmatively shows all that has been stated, and moreover affirmatively shows that the defendant entered the premises for the purpose of boxing the trees at a date prior to the 15th day of March, 1907, during the boxing season of 1906 and at a time when such entry was authorized under the lease. It therefore

affirmatively appears from the plaintiff's declaration that the defendant was clearly within its rights when it undertook to box the trees, for the prevention of which boxing the injunction was sought. The petition, setting forth all of this, alleged no cause of action against the defendant; and the defendant's general demurrer should have been sustained, and the court should have refused to enjoin the defendant from boxing the trees.

2, 3. The hearing was had after the return term of court had arrived. The demurrer was therefore ripe for determination. The presiding judge heard it; and no point was made as to the time and place when it was heard and determined; but exception was taken to the merits of the ruling. The application for injunction was also heard and decided. A bill of exceptions was filed, which complained of both rulings, and assigned error on each. The bill of exceptions was certified and filed in the office of the clerk of the superior court more than thirty days before the beginning of the next term of the Supreme Court. It stated that it was tendered in twenty days from the decisions complained of; but the time of certification, service, and filing was such that it might have been treated either as a "fast" writ under the Civil Code, §5540, relating to the grant of injunction, or an ordinary writ under the Civil Code, §5539, relating to the ruling on the demurrer. It was here in due season to be heard at the present term of this court either way. Whether it should be heard speedily or wait for the arrival of the circuit to which it belonged was rather a technical matter of docketing than a matter of substance. Under these facts we have allowed the case to be heard with "fast writ" cases; but there is no reason why the entire merits should not be determined. Indeed the two exceptions involved are controlled by one point of law. To decide one determines the other. This presents a stronger case for deciding the law controlling the demurrer than that of *Jordan* v. *Kelly,* 63 *Ga.* 437.

We hold that the grant of the injunction was erroneous, and so likewise was the order overruling the demurrer.

*Judgment reversed. All the Justices concur.*