BRADLEY *v.* LITHONIA ·& ARABIA MOUNTAIN RAILROAD CO.

ATKINSON, J. In January, 1914, John Bradley instituted a suit in the superior court of DeKalb county, returnable to the term which convened on the first Monday in March, against the Lithonia & Arabia Mountain Railroad Company, a corporation,· for injunction, to prevent the defendant, under the exercise of eminent domain,· from condemning

described land for the purpose of constructing and operating a railroad. One ground relied on for injunction was that the proposed use of the land was not for a public purpose, but solely to enable the defendant to build a spur-track from its main line of railroad out to certain granite fields, for the convenience of a private enterprise. The defendant demurred on numerous grounds, and also filed an answer to the petition. On March 14 the demurrer came on for hearing, and it was sustained in part, and all of the petition dismissed except so much of it as sought an injunction on the ground above indicated. After the ruling on demurrer the judge proceeded to hear evidence relating to the ground of injunction so retained in the petition. Upon the conclusion of the evidence an interlocutory injunction was denied by an order dated March 14, 1914. On April 2 exceptions pendente lite to the judgment sustaining the demurrer were certified, and on the same day the plaintiff sued out a bill of exceptions, assigning error upon the exceptions pendente lite and upon the judgment refusing the injunction. *Held:*

1. The judgment on demurrer was separate and distinct from that refusing the injunction.

(*a*) The former is reviewable by writ of error sued out and returned in accordance with the provisions of the Civil Code, §§ 6152, 6170, but not by a fast writ of error sued out under § 6153. *Jordan* v. *Kelly*, 63 *Ga.* 437; *Foster* v. *Case*, 126 *Ga.* 714 (55 S. E. 921) ; *Richmond County* v. *Richmond County Reformatory Institute*, 139 *Ga.* 176 (76 S. E. 1016).

(*b*) The ruling here made does not conflict with the decision in *Purdom Naval Stores Co.* v. *Knight*, 129 *Ga.* 590 (59 S. E. 433). In that case all questions were heard together, and after conclusion of the evidence the case was continued until a later date when a judgment was rendered overruling the demurrer and granting the injunction, and the bill of exceptions was sued out a sufficient length of time before the beginning of the term of the Supreme Court to which it was made returnable to afford jurisdiction as in cases of ordinary writs of error.

2. While a commercial railroad company, duly chartered by the secretary of State under the general law for the incorporation of railroad companies, may ordinarily condemn private property under the power of eminent domain, to enable it to serve the public as a common carrier, it can not exercise the power of eminent domain to acquire private property to serve a mere private use. *Hopkins* v. *Florida Central &c. R. Co.*, 97 *Ga.* 107 (25 S. E. 452). See also *Jones* v. *North Georgia Electric Co.*, 125 *Ga.* 618, 626 (54 S. E. 85, 6 L. R. A. (N. S.) 122, 5 Ann. Cas. 526). Although a railroad company so chartered may have a main line of railroad engaged in serving the public as a common carrier, the construction of a spur-track from its main line for the purpose of serving an individual enterprise only is not a public purpose, and will not suffice as a basis for taking private property under condemnation proceedings. *Atlanta, Stone Mountain & Lithonia R. Co.* v. *Bradley*, ante, 740.

(*a*) It appears from the pleadings and evidence that the defendant was duly chartered, under the general laws of this State, to construct and operate a railroad between Lithonia and Arabia Mountain, a distance of about four miles. The evidence was contradictory upon the question of whether the entire road was being constructed to serve the public generally or merely a private enterprise. Another contention of the

plaintiff was that the land sought to be condemned was merely to enable the defendant to construct a spur-track from its main line out to the granite quarries of certain individuals. On this subject the evidence was uncertain, and insufficient to require the judge to sustain such contention.

3. There was no abuse of discretion in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

MAY 16, 1914.   REHEARING DENIED JUNE 16, 1914.

Petition for injunction. Before Judge Reid. DeKalb superior court. March 14, 1914.

*R. B. Blackburn,* for plaintiff.

*James L. Key, McDaniel & Black,* and *E. A. Neely,* for defendant.