GARTRELL *v.* McCRAVEY *et al.*

FISH, C. J. 1. The harsh remedy of appointing a receiver and of granting an injunction before trial on the merits of the case should not be exercised where the applicant for such remedies has no lien upon the property of the defendant, and no interest therein or claim thereto. *Atlanta &c. Ry. Co.* v. *Carolina &c. Cement Co.*, 140 *Ga.* 650 (79 S. E. 555), and cases cited.

2. Therefore, where two adult and married daughters instituted a proceeding in the court of ordinary, in accordance with the Civil Code (1910), §§ 3089 et seq., seeking to have their father adjudged to be an imbecile and incapable of managing his property, and to have a guardian appointed for him, and he, not having been notified of such proceeding, and without appearing in the court of ordinary or in any-

wise becoming a party to such proceeding, filed a verified petition against such daughters in the superior court, wherein he alleged that he was perfectly sane and fully capable of managing and caring for his property, that he was not committing any waste, and that the defendants had no interest in or claim to any of his property, that he did not owe a cent to either of them or to any one else, and that the defendants had not instituted the proceeding in the court of ordinary in good faith, but were influenced in bringing such proceeding solely on account of their enmity against the present wife of petitioner, the stepmother of the defendants; on which petition an interlocutory injunction was granted; and where the defendants answered such petition, denying its material allegations, and filed a cross-petition against their father, averring his imbecility and in consequence thereof his inability to manage and care for his property, and praying that a receiver be appointed to take charge of all of his property, and that an injunction be granted, enjoining him from interfering with the property in the hands of the receiver:—the judge of the superior court upon an interlocutory hearing, where both sides submitted evidence tending to substantiate their respective contentions, erred in appointing a receiver for all the property of the father except his farm upon which he resided, and "other properties" which the judge found to be "ample and more than sufficient to support him and his immediate family," and in granting an injunction against any interference with the property in the hands of the receiver.

3. The hearing being interlocutory, though had during a regular term of court, when the general demurrer to the cross-petition could be decided, the judgment overruling such demurrer can not be reviewed by this court on a fast bill of exceptions. *Town of Alapaha* v. *Paulk*, 130 *Ga.* 595 (61 S. E. 401).

4. In view of the rulings above made, it is not necessary to pass on any of the other assignments of error.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 11, 1915.

Injunction and receiver. Before Judge Patterson. Gilmer superior court. May 22, 1915.

*Gober & Jackson, A. H. Burtz,* and *W. I. Heyward,* for plaintiff in error.

*D. W. Blair, N. A. Morris,* and *G. D. Anderson,* contra.