## DURHAM *v.* DOWLING *et al.*

No. 8495. March 1, 1932.

*Neufville & Neufville,* for plaintiff.

*Sims & Berman* and *Mitchell & Mitchell,* for defendants.

Atkinson, J. In all cases where an application for an injunction or receiver is granted or refused, a bill of exceptions assigning error on the judgment shall be presented to the judge within twenty days from rendition of the decision. Civil Code, § 6153. A judgment overruling or sustaining a demurrer to the petition in a suit for injunction or receiver is not reviewable under this statute. *Town of Alapaha* v. *Paulk,* 130 *Ga.* 595 (61 S. E. 401);

*Johnson* v. *Cravey,* 120 *Ga.* 1047 (48 S. E. 424) ; *Gartrell* v. *Mc-Cravey,* 144 *Ga.* 249 (3) (86 S. E. 932) ; *Foster* v. *Case,* 126 *Ga.* 714 (55 S. E. 921). The remedy for review of such a judgment on demurrer is under the Civil Code, § 6152, which provides that "The bill of exceptions shall be tendered to the judge who presided in the cause, within thirty days from the adjournment of the court, or the date of the decision at chambers; and in the event that the court shall not adjourn within thirty days from the date of the organization and opening of the court, then such bill of exceptions shall be tendered to the judge who presided in the cause within sixty days from the date of the decision, judgment, verdict, or decree rendered." The Civil Code, § 6154, providing for the filing of exceptions pendente lite, differs from section 6152, and does not apply where a bill of exceptions assigns error on a final judgment. The act approved August 25, 1925 (Acts 1925, p. 97), provides in part: "In equity causes, . . where extraordinary relief is sought, the trial court may hear, pass upon, and determine all demurrers in such causes at any interlocutory hearing before the appearance or first term." This law does not change the appearance term of court relatively to cases of the character mentioned.

In the instant case a petition for injunction and receiver returnable to the June term was filed on March 10, 1931. The judge issued a rule requiring the defendants to show cause before him on March 27, at the court-house of the county, why a receiver should not be appointed. At the time designated in the order the defendants presented a demurrer to the petition. The judge took the case under consideration and on April 11 rendered judgment sustaining the demurrer and dismissing the action. The plaintiff assigned error in a bill of exceptions in which it was stated: "And now comes the plaintiff in error, within the period allowed by law, within sixty days and before the expiration of the June term, 1931, of . . court to which said case was returnable, and presents this his bill of exceptions." The judge's certificate to the bill of exceptions was signed on May 27, 1931. A motion was made to dismiss the bill of exceptions, on the ground that it was not presented to the judge within the time required by law. The judgment rendered prior to the June term at which the case was returnable was "at chambers" relatively to this case (*Gartrell* v. *McCravey,* supra), and under the statute the bill of exceptions

should have been tendered to the judge within thirty days from the date of the decision. The recital in the bill of exceptions as to the time of presenting the bill of exceptions to the judge was equivocal, and it will be presumed that the bill of exceptions was presented on the date of the judge's certificate. This being so, and the date of the certificate being more than thirty days from the date of the decision, it was not affirmatively made to appear that the bill of exceptions was presented to the judge within the time provided by law. The motion to dismiss the writ of error on that ground must prevail. *Miller* v: *Butler,* 137 *Ga.* 119 (72 S. E. 918); *Crawford* v. *Goodwin,* 128 *Ga.* 134 (57 S. E. 240); *Jones* v. *State,* 146 *Ga.* 8(3) (90 S. E. 280); *Zachry* v. *Peoples Bank,* 168 *Ga.* 469 (148 S. E. 165). The case of *Douglas* v. *Mc-Curdy,* 154 *Ga.* 814 (115 S. E. 658), based on different facts, is not opposed to the ruling above made.

*Writ of error dismissed. All the Justices concur.*