ROGERS *v.* ROGERS.

RUSSELL, Chief Justice. 1. The motion to dismiss the writ of error is without merit.

2. "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code of 1910, § 5477. "When any fund or property may be in litigation, and the rights of either or both parties can not otherwise be fully protected, or when there may be a fund or property having no one to manage it, a receiver of the same may be appointed (on a proper case made) by the judge of the superior court having jurisdiction thereof, either in term·time or vacation, and such receiver is an officer of said court." § 5475. "The law of receiverships is peculiar in its nature, in that it belongs to that class of remedies which are wholly ancillary or provisional, and the appointment of a receiver does not affect, either directly or indirectly, the nature of any primary right, but is simply a means by which primary rights may be more efficiently preserved, protected, and enforced in judicial proceedings. It adjudicates and determines the right of no party to the proceeding, and grants no final relief directly or indirectly. Smith on Receiverships, § 2; Beach on Receivers, § 51; Pom. Eq. Jur. §§ 171, 1319, 1330; Miller *v.* Bowles et al., 58 N. Y. 253; Wallace *v.* Publishing Co., 101 Iowa, 313, 70 N. W. 216, 38 L. R. A. 122, 63 Am. St. Rep. 389; People *v.* Weigley, 155 Ill. 491, 40 N. E. 300." City of Parsons *v.* Parsons Water Supply & Power Co., 104 Kan. 294 (178 Pac. 438). See also *Gartrell* v. *McCravey,* 144 *Ga.* 249 (86 S. E. 932); *Templeman* v. *Templeman,* 173 *Ga.* 743 (161 S. E. 261); 53 C. J. 21, 27, §§ 5, 12. There are exceptions in extraordinary cases, but the facts in the case at bar do not place it within any of the exceptions. If, under the allegations of the petition, the owners of this property should be considered as laboring under disability, there should have been an antecedent action to provide them with proper legal representatives, pending which a receiver might maintain the suit under the Code, § 5475 (supra). In the absence of pending proceedings, and the receivership not having been sought by any person interested in the res, and furthemore there having been no application made for the appointment of a guardian or other legal representative, it was error to appoint the receiver upon the ground that the owners of the property were in-

sane or laboring under a disability. Consequently the allowance of fees to the receiver and her attorney was contrary to law.

*Judgment reversed. All the Justices concur.*

No. 10141. FEBRUARY 15, 1935. REHEARING DENIED FEBRUARY 28, 1935.

*Camp, Savage & Crawford* and *Charles W. Bergman,* for plaintiff in error.  *H. B. Moss,* contra.