## Rogers v. Rogers.

Hutcheson, Justice. Where the superior court first assumed jurisdiction of a case upon an ex parte petition by a plaintiff who was neither a creditor nor a blood relation of the defendants, praying that plaintiff be appointed receiver of certain properties of one of the defendants (plaintiff in error) and his brother, the other defendant, on the grounds that the defendants were insane, and this court held that the appointment of plaintiff as receiver and the allowance by the court to the receiver of attorney's fees and of compensation for her services in caring for the properties was error (*Rogers* v. *Rogers,* 180 *Ga.* 300, 178 S. E. 698), an amendment to the petition, filed before the remittitur from this court was made the judgment of the superior court, seeking to recover a judgment against the defendants in favor of the plaintiff as an individual, for services rendered in caring for the properties, and for money expended for attorney's fees for advice and services in reference thereto, was not germane to, nor was the relief sought appropriately comprehended within the scope of, the original proceedings. While section 1 of the uniform procedure act (Ga. L. 1887, p. 64, Code, § 37-901) provides "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require," this provision does not give to the superior courts an unlimited power to "give effect to all the rights of the parties, legal or equitable, or both," etc., but the exercise of the power is restricted to instances *when the nature of the case may allow or require it.* While a court of equity, when it has all the necessary parties before it and has once taken jurisdiction of a particular subject-matter, will ordinarily proceed to do complete justice, and finally administer the rights of each of the respective parties, it will not extend its jurisdiction in such manner as to draw to itself collateral matters not appropriately comprehended within the scope of the original proceedings under which, in the first instance, it assumed jurisdiction. *Vason* v. *Clanton,* 102 *Ga.* 540 (29 S. E. 456). It follows that the court erred in overruling the demurrer to the petition as amended.

*Judgment reversed. All the Justices concur.*

No. 11434. September 19, 1936.

*J. G. Roberts, Camp, Savage & Crawford,* and *Charles W. Bergman,* for plaintiff in error.