COOK COUNTY *et al. v.* THORNHILL WAGON COMPANY.

No. 12448. SEPTEMBER 27, 1938.

*Robert R. Forrester* and *C. A. Christian,* for plaintiffs in error. *S. B. McCall* and *Franklin & Eberhardt,* contra.

BELL, Justice. The Thornhill Wagon Company filed a suit against Cook County and the commissioners of roads and revenues, for cancellation of a tax deed. The defendants filed an answer which they later amended by the addition of a cross-petition in which they prayed for amendment and reformation of the entry or levy as made by the sheriff on the tax execution, and for ref-

ormation of the tax deed, and for appointment of a receiver. The plaintiff filed a general demurrer to the answer as thus amended, and the demurrer was sustained by the court. On the same date, after sustaining the demurrer and striking the defendant's answer and cross-petition, the court denied the application for receiver. The defendants then sued out a writ of error, assigning error on the sustaining of the plaintiff's demurrer to their answer and cross-action, but not on the judgment refusing the application for a receiver. These two judgments were the only rulings made, and the case is still pending in the trial court. The defendant in error moved to dismiss the writ of error, on the ground that it failed to assign error upon a final judgment or upon a judgment that would have been final if it had been rendered as claimed by the plaintiff in error. Code, § 6-701. The reply to this motion was that the refusal to appoint a receiver is such a judgment as may be reviewed by a direct bill of exceptions.

It is our opinion that the reply is not a good one as applied to the particular facts, and that the motion to dismiss the writ of error is well taken. "There is no provision of law by virtue of which the overruling of a demurrer to a cross-action or counterclaim filed by the defendant may be reviewed by direct bill of exceptions prior to the final disposition of the plaintiff's case in the court below." *Bellinger* v. *Eblin,* 158 *Ga.* 657 (124 S. E. 137). "The judgment of the court below sustaining the demurrer of the plaintiff to the counter-petition or cross-action filed by the defendant can not be reviewed by direct bill of exceptions prior to the final disposition of the plaintiff's case in the court below." *White* v. *Chisolm,* 160 *Ga.* 177 (127 S. E. 140). See also *Byrd* v. *Equitable Life Assurance Society,* 184 *Ga.* 178 (190 S. E. 584); *Dove* v. *Maxwell,* 184 *Ga.* 460 (191 S. E. 916). While it appears both from the bill of exceptions and from the record that the court refused the application for a receiver, the bill of exceptions assigned error only upon the sustaining of the plaintiff's demurrer. Under the statutes relating to appellate jurisdiction, the procedure for reviewing a judgment on demurrer is different from that for the review of an interlocutory order such as the grant or refusal of an application for a receiver. A judgment on demurrer is reviewed under the Code, §§ 6-701, 6-905, while an interlocutory order, as the refusal to appoint a receiver, is reviewed

under § 6-903 (Code 1910, § 6153). "A judgment overruling or sustaining a demurrer to the petition in a suit for injunction or receiver is not reviewable" under the latter section. *Durham* v. *Dowling*, 174 *Ga.* 557 (163 S. E. 503). See also *Jordan* v. *Kelly*, 63 *Ga.* 437; *Sheibley* v. *Georgia Southern Railroad Co.*, 65 *Ga.* 108; *Foster* v. *Case*, 126 *Ga.* 714. (3) (55 S. E. 921); *Town of Alapaha* v. *Paulk*, 130 *Ga.* 595 (2) (61 S. E. 401); *Gartrell* v. *McCravey*, 144 *Ga.* 249 (3) (86 S. E. 932); *Beasley* v. *Lee*, 155 *Ga.* 634 (117 S. E. 743); *Elliott* v. *Adams*, 173 *Ga.* 312, 319 (160 S. E. 336). It follows that the motion to dismiss the writ of error must be sustained; but in the circumstances leave is granted to the plaintiffs in error to treat the official copy of the bill of exceptions now of file in the trial court as exceptions pendente lite. *Ryals* v. *Atlantic Life Ins. Co.*, 181 *Ga.* 843 (184 S. E. 698); *Hitchcock* v. *Hamilton*, 184 *Ga.* 700 (2) (192 S. E. 726).

*Writ of error dismissed, with direction. All the Justices concur.*