20884.  SAPHIRE *v.* BAILEY *et al.*

SUBMITTED MAY 10, 1960—DECIDED JUNE 10, 1960.

*Thomas E. Moran,* for plaintiff in error.
*Roland Neeson, Carl T. Hudgins, George G. Chenggis,* contra.

ALMAND, Justice.  The record discloses that, on July 18, 1957, Louise Pierce Bailey filed her petition against Mary Saphire and Marion L. Saphire, seeking the dissolution of a partnership between the petitioner and Mary Saphire and the appointment of a receiver to take over and conduct the partnership business, the same being Case Number 22,225 in the Superior Court of DeKalb County.

A temporary receiver was appointed on that date, and on July 9, 1958, the temporary receiver petitioned the court for direction to terminate the operation of the business, the receiver alleging that the business had operated at a loss for the preceding four months and that the continued operation of the business would result in a considerable loss for the receivership estate.  After a hearing the court on July 31, 1958, passed an order directing the receiver to terminate the business retroactive to July 16, 1958.

On July 29, 1958, W. O. Pierce, the lessor of the premises in which the partnership business was conducted, filed his petition for an order confirming and authorizing the act of the receiver in surrendering possession of the premises to him, it being alleged in said petition that rent for three weeks at $200 per week was past due and unpaid; and that the lessor had elected to exercise his option in the lease agreement to terminate the lease

rights of the partners. Pursuant to this petition, the court on July 29, 1958, passed the following order: "The foregoing petition being presented, and the same appearing to be true, and it appearing that the receiver has no further need of the premises, his surrender of possession and the door key to the petitioner is confirmed and authorized." Subsequently, on December 4, 1959, Mary Saphire filed her motion in the pending cause to set aside and vacate this order of July 29, 1958.

The sole assignment of error in the bill of exceptions is to the order of February 29, 1960, sustaining the general demurrers of W. O. Pierce to Mary Saphire's motion to set aside and vacate the antecedent order of July 29, 1958, authorizing the receiver to surrender possession of the premises to Pierce.

In the order of July 18, 1957, appointing the temporary receiver, he was directed to enter into possession and take charge of the partnership business and operate it as a going concern provided, however, "that said receiver, upon determining that said 'Pierce's Drive-In' be not profitable to continue operating, shall immediately notify this court and upon appropriate order may close said 'Pierce's Drive-In'." No exception was taken to this judgment, appointing the temporary receiver, by direct bill of exceptions as authorized under Code (Ann.) § 6-903. *Cook County* v. *Thornhill Wagon Co.*, 186 *Ga.* 835 (199 S. E. 117).

The orders of July 31, 1958, directing the receiver to terminate the partnership business, and of July 29, 1958, on the petition of W. O. Pierce, confirming the act of the receiver in surrendering possession of the leased premises to Pierce, were such orders as were subject to direct appeal; and since it appears that the motion to set aside and vacate the order of July 29, 1958, was not filed until December 4, 1959, and the motion to vacate not containing valid grounds to vacate such final judgment, the court did not err in sustaining the general demurrers to the motion.

*Judgment affirmed. All the Justices concur.*