Hamilton *v.* The Georgia Pacific Railway Company.

The trial judge has no power to sign and certify a bill of exceptions tendered later than sixty days after the final decision complained of. The statute (Code, §4252) confers no such power, and the judge cannot derive it from his own order, passed in or out of term, granting the party further time to prepare and present the bill of exceptions.
July 7, 1890.

Practice. Bill of exceptions. Before Judge Van Epps. City court of Atlanta. September term, 1889.

Reported in the decision.

Gartrell & Ladson and F. R. Walker, for plaintiff. Jackson & Jackson, for defendant.

Bleckley, Chief Justice.

This case was argued here upon its merits by learned counsel for both parties; but after the argument, we discovered by an examination of the bill of exceptions

that, according to the facts therein appearing, we were without any rightful jurisdiction, and could not consistently with law entertain the case. The trial in the court below took place on the 20th of November, 1889, and resulted in a judgment of nonsuit, which judgment is the sole subject-matter of the present writ of error. The bill of exceptions was signed and certified on the 1st day of February, 1890, more than sixty days after the date of the decision complained of, whereas, according to the statute (Code, §4252), the longest period allowed for tendering a bill of exceptions is sixty days. To sign and certify a bill of exceptions tendered after that period has expired, the trial judge has no legal power, no more power than any private person. It follows that the bill of exceptions now before us has, in contemplation of law, no verification or validity whatsoever. An attempt was made before the 60 days had expired, to wit, on the 19th of December, to extend the time for preparing and presenting the bill of exceptions, by an order of the trial court. The order, reciting that owing to the inability of counsel for the respective parties to agree upon a brief of the evidence without the stenographic report of the same taken down at the trial, and because of official engagements of the stenographer hindering him from writing out the report, the plaintiff's counsel could not prepare his bill of exceptions within the time provided by law, ordered that the counsel be allowed until the 1st of February to prepare the same and have it certified. Though not so intended, this at bottom appears like an attempt to repeal a general law of the State by a judicial order, but in fact was only an effort to hold off its application to this particular case for the special reasons enumerated. It is manifest that the city court of Atlanta had no power to do either. It could no more extend the time limited by law for commencing suit in the Supreme Court, than

for commencing suit in the city court. The proposition is too plain to need support from further elaboration or argument.                    *Writ of error dismissed.*