## Rogers v. The State.

95a 569
s97  350

SIMMONS, C. J.—Where a motion for a new trial had been twice continued for want of papers, the absence of which was attributable either to the fault or negligence of the counsel for the movant, and where, upon the motion coming on the third time for a hearing, the papers were still absent, and no sufficient cause for their non-production was shown, nor any motion made for a further continuance, this court will not reverse a judgment dismissing the motion for the want of papers. Inasmuch, however, as the present case involves the imprisonment of the accused for life, direction is given that the presiding judge may, in his discretion, reinstate the motion for a new trial and hear and determine the same upon its merits.        *Judgment affirmed, with direction.*

February 18, 1895. By two Justices.

Motion for new trial. Before Judge GAMBLE. Washington superior court. September term, 1894.

CHARLES M. TYSON and HINES & HALE, for plaintiff in error. J. M. TERRELL, attorney-general, B. D. EVANS, Jr., solicitor-general, and HARRIS & RAWLINGS, *contra.*

---

## *In re* Ross, Judge.

95b 569
f112 157

The statute (Code, §4252), allowing, in some instances, sixty days from the date of the decision complained of within which to tender a bill of exceptions, applies only to decisions made in term time, and has no application to the refusal of a new trial on a motion made in term and by order of the court set down for determination at chambers during vacation. A bill of exceptions to such refusal must be tendered within thirty days after the decision, where no legal excuse appears for delay.        *Mandamus nisi denied.*

October 8, 1894.

Application for *mandamus nisi.*

FREEMAN & GRISWOLD, for applicant.