## KELLEY, receiver, *v.* COLLINS AND GLENNVILLE RAILROAD COMPANY.

ATKINSON, J. 1. Errors alleged to have been committed in overruling a demurrer to a petition can only be reached by exceptions filed pendente lite or by direct exception to the judgment complained of; and in the latter case the bill of exceptions must be tendered for certificate within the prescribed time from the rendition of the judgment complained of; otherwise such exceptions cannot be considered. *Shuman* v. *Smith,* 100 *Ga.* 415 (28 S. E. 448). The "prescribed time" for tendering for certificate a bill of exceptions to a judgment of the character above mentioned, rendered "at chambers," is thirty days from the date of the decision. Civil Code, § 6152. Accordingly, where a demurrer to a petition for intervention in an equity cause was filed, and at a hearing in vacation the demurrer was overruled, which ruling was not excepted to pendente lite, and the case was subsequently tried upon its merits by the judge without a jury, and a decision rendered adversely to the defendants, an exception to the judgment overruling the demurrer comes too late and can not be considered, such exception being included in a bill of exceptions assigning error on the final judgment in the case, which was not presented to the trial judge for certificate until after expiration of thirty days from the date of the judgment overruling the demurrer.

2. The first five items in the decree rendered in the equity suit had reference to the payment of particular claims. This was followed by the sixth item, which provided: "Subject to the foregoing and the expenses of administration, all the rest and residue of the funds in the hands of the receiver and all other property and assets" of the railroad company "not heretofore sold are hereby decreed to be paid to and be the property of" the receiver individually. *Held,* that the term, "expenses of administration," construed in connection with the whole decree, includes, among other things, any expense for taxes on the property in the hands of the receiver, accruing during the course of the receivership. In the light of this provision

of the decree, if there was any error in ;the ruling on the admission of evidence as to statements made by the attorneys of the parties at the time the decree was rendered, to the effect that "expenses of administration" were intended to include taxes upon the property while in the hands of the receiver, such error was no cause for a reversal.

3. The alleged ground of complaint charged in the petition as amended was the failure of the defendant as receiver to pay specified State, county, municipal, and school-district taxes, which had been allowed to accumulate and to become a lien upon property purchased by plaintiffs at receiver's sale, and which, under the order of court confirming the sale, the receiver was under duty to pay. The allegations in the petition, taken in connection with the answer, made an issue as to whether any taxes against the property had been allowed to accumulate while in the hands of the receiver, and the amount thereof. On that issue evidence that the sheriff of a county which was the taxable situs of some of the property held a tax fi. fa., for State and county taxes for an amount which was not disclosed, and that payment thereof had been demanded with a threat to enforce payment by a levy and sale of the property unless paid, was all that was offered to sustain the plaintiffs' demands. Such evidence was insufficient to support the judgment directing the defendant to pay the several claims for taxes alleged in the petition to be outstanding and the liens upon the property.

4. As the judgment of the trial court will be reversed on the ground that it was unauthorized by the evidence, it becomes unnecessary to deal with the assignment of error which alleges that the judgment was void for uncertainty.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*

No. 3160. DECEMBER 16, 1922.

Mandamus. Before Judge Sheppard. Tattnall superior court. February 25, 1922.

A railroad was sold by a receiver. The successful bidders raised their bid, and subsequently assigned it as to a certain portion of the road. The sale as to such portion was duly confirmed. The judgment of confirmation, which treated the assignees as purchasers, provided that the purchase-price should be payable twenty-five per cent. cash, twenty-five per cent. in thirty days, twenty-five per cent. in sixty days, and the balance in ninety days, and contained the provision: "It is further ordered that possession shall be delivered to the purchasers free of any and all liens or claims, upon payment to the receiver of the first 25% in cash. . . Upon payment in full of the purchase-price the receiver shall make deeds to the purchasers hereunder at their cost and expense of the properties. . . If the purchasers . . should default in the payment of the purchase-price or any part thereof, the court may re-

take " the property, " and may resell the same for the account of the purchasers." The property was delivered to the purchasers, and the purchase-price was fully paid in accordance with the terms specified in the judgment confirming the sale. Subsequently a decree was rendered in the equity case for receiver, etc. The decree directed the receiver to pay: (*a*) " The costs of this suit." (*b*) Specified sums to certain persons to cover certain taxes, as set out in certain petitions for intervention. (*c*) Certain sums to general creditors, with power to compromise certain of their claims. Then followed the provision: " Subject to the foregoing and the expenses of administration, all the rest and residue of the funds in the hands of the receiver, and all other property and assets . . not heretofore sold are hereby decreed to be paid to and be the property of " the receiver; and lastly: " This decree is final; but this case is kept open for the purpose of . . fixing the fees of receivers and of attorneys, if any of the latter be found chargeable to said funds." The judgment confirming the sale above mentioned was dated February 5, 1921, and the decree for distribution last above mentioned was dated July 13, 1921.

On January 11, 1922, the purchasers of the portion of the road referred to above filed their petition in the nature of a petition for intervention in the equity case, which as amended alleged that specified taxes, other than those ordered paid by the final decree in the case, had been allowed to accumulate before the sale of the railroad by the receiver, and that the receiver should be required to pay such taxes and to execute a deed to petitioners in conformity with the terms of the decree confirming the sale. A rule nisi was duly issued, returnable at chambers on January 23, 1922, at which time a demurrer to the petition was interposed. The demurrer was overruled, and no exception pendente lite was taken. The defendant also filed an answer to the petition. With reference to the paragraphs of the petition which charged the accumulation of the taxes on the property, the answer stated that for the want of information the defendant was unable to admit or deny the allegations contained in such paragraphs, and called upon the plaintiff for proof thereof. On a hearing before the judge without a jury both sides introduced evidence. The only evidence as to the accumulation of taxes was the testimony of one of the officers of the plaintiff, who testified that he " had been approached " by the

sheriff of a named county " about paying the taxes  .  .  for the year 1920, and he was present when the sheriff made a demand .  .  for same; " that the sheriff " said he had a tax fi. fa. against said road for 1920, and he had to have the money out of it, and if it was not paid right away he was going to levy on the railroad. Witness did not know the exact amount of the taxes." There was uncontradicted evidence that the receiver complied with the terms of the decree as to payment of funds in his hands to the original parties and intervenors; and there was no evidence to show that anything was left over to cover the fees awarded to him.

The judge rendered his judgment at chambers, February 25, 1922, in which the receiver was ordered to " pay the taxes  .  . found to be due the State of Georgia, and County of Tattnall, and the City of Reidsville, City of Collins, and such school districts as the evidence discloses, that the  .  .  railroad company owed at the time of the sale and the confirmance of the sale,  .  . and that the receiver make and execute a deed to the property bought by the plaintiffs, in accordance with the terms of said de- cree." The receiver excepted. The bill of exceptions was certified on March 11, 1922. Error was assigned as follows: First, on the judgment of the court overruling the demurrer. Second, on the admission of evidence to the effect that at the time the decree was rendered in the equity case, the attorneys of the respective parties stated in open court that the taxes were not mentioned, for the reason that they would be taken care of under the portion of the decree which says the balance of the funds after the expenses of administration to be paid over to the receiver. The objection urged to the admission of such evidence was that it was no part of the decree, and that the decree speaks its own meaning. Third, that the judgment rendered by the court was contrary to law and the evidence and without evidence to support it. Fourth, that the judg- ment is too indefinite and uncertain.

*J. V. Kelley,* for plaintiff in error.

*C. L. Cowart* and *Lawton & Cunningham,* contra.