## HARRISON *et al. v.* LYERLY GINNERIES & WAREHOUSE COMPANY.

The case having been tried at the March term, 1922, of Chattooga su-
perior court, a verdict having been rendered in behalf of the plaintiff,
and the defendants having made a motion for new trial, which was
heard and overruled at Rome, Ga., on Sept. 26, 1922, a bill of excep-
tions should have been presented to the judge within thirty days from
the date of such judgment, it being one at chambers; and a tender on
November 23, 1922, was too late.

No. 3523.    MAY 23, 1923.

Writ of error; from Chattooga. Motion to dismiss.

*Wesley Shropshire,* for plaintiffs in error.

*Denny & Wright,* contra.

HINES, J.   This case was tried during the March term, 1922,
of Chattooga superior court; and a verdict was rendered in behalf
of the plaintiff.   The defendants made a motion for new trial,
which was continued by proper order until Sept. 26, 1922, at
which time the motion, as the bill of exceptions recites, "was
overruled by the court in chambers at Rome, Georgia, in Floyd
County, at and during the September term, 1922, of Chattooga
superior court."   The bill of exceptions was tendered to the judge
for certification on Nov. 23, 1922, and was certified on Dec. 4,
1922.   The September term, 1922, of Chattooga superior court was
in session, and had not been adjourned at the date of the certificate
of the bill of exceptions.   The defendant in error moves to dis-
miss the bill of exceptions, on the ground that the same was not
certified within thirty days from the date of the judgment over-
ruling the motion for new trial.   Should this motion be granted?

The bill of exceptions must be tendered within thirty days from
the adjournment of the court, or the date of the decision at
chambers; and in the event that the court shall not adjourn with-
in thirty days from the date of the organization and opening of
the court, then such bill of exceptions shall be tendered to the
judge who presided in the cause within sixty days from the date
of the decision, judgment, verdict, or decree rendered.   Civil
Code (1910), § 6152.   It is now well settled by the adjudications
of this court that the above provision, allowing sixty days in which
to tender the bill of exceptions, applies only to decisions in term
time, and is not applicable to refusals of new trials in vacation.

*In re Ross,* 95 *Ga.* 569 (20 S. E. 268) ; *King* v. *Hiles-Carver Co.,* 112 *Ga.* 157 (37 S. E. 178) ; *Miller* v. *Butler,* 137 *Ga.* 119 (72 S. E. 918) ; *Columbia Fire Ins. Co.* v. *Sams,* 141 *Ga.* 641 (81 S. E. 856). If the day fixed in the order for the hearing of the motion for new trial in vacation had arrived, and the motion was in fact heard, and the judgment overruling it passed, in term time and while the court was in session, the law of the term and not of vacation would apply. *Sparrow* v. *Pate,* 67 *Ga.* 352.

In his certificate to the bill of exceptions, the judge recites that the motion was overruled in chambers at Rome, Georgia, in Floyd County. He further states that this was done " at and during the September term, 1922, of Chattooga superior court." We construe this language to mean, and it must necessarily mean, that the judge acted upon and overruled the motion for new trial, not while Chattooga superior court was in session and while he was sitting in said court as judge thereof, but while he was acting at his chambers in Rome, Ga. But to constitute an order overruling a motion for new trial a term judgment, it must be passed by the judge while the court is in session. The judge could not hold a session of Chattooga superior court at Rome, Ga., notwithstanding the broad powers which he possesses. The hearing in Rome of this motion for new trial did not take place during a term of Chattooga superior court or while the judge was sitting in that court; and his judgment overruling the motion for new trial was necessarily one in chambers. It was not a judgment in term time  because it was rendered between the opening of the September term, 1922, of Chattooga superior court and its close. *Morehead* v. *Allen,* 131 *Ga.* 807, 812 (63 S. E. 507), et seq. The judgment overruling the motion for new trial being one at chambers and in vacation, the bill of exceptions should have been presented to the trial judge within thirty days from its rendition; and not having been presented within that time, this court is without jurisdiction to entertain and pass upon this case. For this reason, the bill of exceptions will have to be dismissed.

*Writ of error dismissed.  All the Justices concur.*