### DILL *v.* TAYLOR, receiver.

GILBERT, J. 1. The suit was filed in Chattooga County. The rule nisi required the respondents to be and appear at Rome, Floyd County, Georgia, on May 17, 1924, to answer the prayers of the petition. The judgment upon which error is assigned was dated June 24, 1924, without indicating the county in which it was rendered. The record, however, does not contain any order naming another date or changing the hearing from Floyd to another county. The motion to dismiss the bill of exceptions alleges that the judgment was rendered in Floyd County. The plaintiff in error failed to file in this court any response in obedience to the rule nisi requiring her to show cause why the bill of exceptions should not be dismissed on the ground that the judgment was rendered in a county other than that where the suit was pending, which as a matter of law showed that the judgment was rendered in vacation. The failure to respond will be construed as an admission of the facts stated in the motion to dismiss. *Kemp* v. *Colonial Trust Co.*, 147 *Ga.* 605 (95 S. E. 7); *Clements* v. *Wilkerson*, 151 *Ga.* 467 (107 S. E. 47).

2. "The bill of exceptions must be tendered within thirty days from . . the date of the decision at chambers." Civil Code (1910), § 6152; *Harrison* v. *Lyerly Ginneries &c. Co.*, 155 *Ga.* 695 (117 S. E. 818).

3. "It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law." *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280).

4. "Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon

which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time required by law." *Jones* v. *State*, supra. The bill of exceptions in this case recites that. it was presented "within the time allowed by law," but it is dated August 23, 1924. The judgment was rendered June 24, 1924. More than thirty days, therefore, elapsed between the rendition of the judgment and the presentation of the bill of exceptions.

5. The judgment having been rendered at chambers, and the bill of exceptions having been presented to the judge more than thirty days from the date of the judgment, the writ of error, on motion, must be dismissed.

6. Other grounds of the motion will not be decided, since the ruling above announced disposes of the case.

*Writ of error dismissed. All the Justices concur.*

No. 4519. APRIL 15, 1925.

Equitable petition. Before Judge Irwin. Chattooga superior court. June 24, 1924.

An equitable petition was filed in Chattooga superior court by Mrs. Ella Ballenger individually and as administratrix of the estate of W. E. Dill, and Mrs. Mary S. Dill individually and as one of the executors under the will of M. P. Dill, seeking to have the assets of the partnership of M. P. Dill & Co., marshaled and distributed (after the payment of the debts of the partnership) to the surviving partner, T. M. Ballenger, and to the estate of M. P. Dill and W. E. Dill. A receiver was appointed, and certain judgment creditors of the partnership were restrained from proceeding with the execution of their judgments. Subsequently Mary S. Dill filed a petition in the cause, seeking to be relieved from a bid which she had made at receiver's sale for certain of the property of the partnership, and to have returned to her the payment she had made on account of such bid. The court passed an order requiring that "J. D. Taylor, receiver, show cause before me at Rome, Georgia, on May 17th, 1924, at 11 a. m., at the court-house, why the prayers of this petition or motion should not be granted." Answers opposing the grant of the relief sought were filed by the receiver and T. M. Ballenger. On June 24th, 1924, the trial court passed an order reciting, "the above-stated cause having come on for hearing before the court," and denying the relief. Writ of error was sued out by Mrs. Mary S. Dill. The preamble to the bill of exceptions reads: "Be it remembered: In the case of Mrs. Ella M. Ballenger et al. *v.* T. M. Ballenger et al., returnable to the September term, 1924, the original action being a petition for

injunction and receivership, there came on to be heard before his honor, Judge F. A. Irwin, the judge presiding in said case, on the 24th day of June, 1924, the motion of Mrs. Mary S. Dill, one of the plaintiffs in said matter, for refund of deposit made on purchase of property at receiver's sale; and both aides announcing ready, the following evidence was heard and proceedings had." The bill of exceptions is concluded in the following language: "And now comes the plaintiff in error, within the time allowed by law, and presents this her bill of exceptions, and prays that the same may be signed and certified, in order that the errors complained of may be considered and corrected. Plaintiff in error says that the March term of Chattooga superior court has not yet adjourned. This August 23rd, 1924. Norman Shattuck, Attorney for Plaintiff in Error." In addition to the usual language, the following appears in.the certificate upon the bill of exceptions: "I do further certify that the March term of Chattooga superior court has not yet adjourned. This 23rd day of August, 1924. F. A. Irwin, J. S. C., T. C., presiding."

The defendant in error moved for dismissal of the bill of exceptions, upon the following grounds: "First: Said proceeding was one pending in Chattooga superior court, and was tried before his honor F. A. Irwin, at chambers at Rome, Georgia, and the bill of exceptions therefore should have been tendered within thirty days from the date of the decision complained of, and this court is therefore without jurisdiction to entertain said bill of exceptions, the same having been tendered more than thirty days after the date of the decision complained of. Second: Because the following necessary parties are not made parties to this bill of exceptions, to wit: Mrs. Ella Ballenger as administratrix of the estate of W. E. Dill, and Mrs. Ella Ballenger individually, who were plaintiffs in the original case in the lower court, and T. M. Ballenger, and the other defendants named in the original petition, who were defendants in the original action, all of said parties being directly interested in the decision complained of, and being necessary parties to said bill of exceptions. Third: Because T. M. Ballenger, who appeared and answered the intervention of Mrs. Mary S. Dill, is not made a party herein in this bill of exceptions, although he is interested in and appeared and defended this intervention and

filed his answer therein. Fourth: Because said bill of exceptions was never served upon T. M. Ballenger, or any of the other parties who were plaintiffs and defendants in the original action in the lower court, and there was no waiver or acknowledgment of service by them." On January 9, 1925, this court passed an order requiring "that counsel for plaintiff in error show cause in writing before this court on January 24, 1925, at 9 o'clock a. m., why the writ of error in this case should not be dismissed because the bill of exceptions was not tendered within thirty days of the judgment of the trial court, which the motion to dismiss alleges was rendered in Rome, Georgia, at chambers, and there being no denial in the record before this court that the judgment excepted to was rendered at chambers." Counsel for plaintiff in error made no response to this order.

*Norman Shattuck,* for plaintiff. *Denny & Wright,* for defendant.