22346. BREEDLOVE *v.* LIBERTY MUTUAL INSURANCE CO. *et al.*

STEPHENS, J. 1. The act approved August 17, 1920 (Ga. L. 1920, p. 167), known as the Georgia workmen's compensation act, provides in section 59 thereof that where a judgment of the superior court upon an appeal from an order or decree of the industrial commission is excepted to by a bill of exceptions brought to the Court of Appeals, this must be done "within the time and in the manner" provided by law for fast bills of exceptions, i. e. the bill of exceptions must be "tendered and signed within twenty days from the rendition of the decision." Civil Code (1910), § 6153. It appearing that the judgment of the superior court in this case, affirming the judgment of the industrial commission denying compensation, was rendered on January 28, 1932, and that the bill of exceptions excepting thereto was tendered to the judge of the superior court and signed on March 26, 1932, which was more than twenty days after the rendition of the judgment complained of, the bill of exceptions was tendered and signed beyond the statutory period required by law, and the Court of Appeals has no jurisdiction to entertain it. Although the bill of exceptions recites that it is tendered "within the time allowed by law," it also expressly recites in the body thereof, and immediately preceding the signature of the attorney for the plaintiff in error attached, "this the 26th day of March, 1932." The latter recital is equivalent to a statement that the bill of exceptions is tendered on the date named,—the 26th day of March, 1932.

2. Whether or not this court in passing upon the question of its jurisdiction can pass upon the constitutionality of the above provision of the workmen's compensation act which provides for the presentation and

certification of bills of exceptions within twenty days after the rendition of a judgment on appeal from the industrial commission, this provision is not a special law in a case for which provision has been made by a general law, and it is not matter not referred to in the title of the act. It is therefore constitutional; and since the bill of exceptions was not presented in accordance with the provisions thereof, the motion to dismiss the bill of exceptions is therefore sustained.

*Writ of error dismissed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 1, 1933. REHEARING DENIED FEBRUARY 4, 1933.

*R. B. Blackburn,* for plaintiff.
*McDaniel, Neely & Marshall, Harry L. Greene,* for defendants.

*Writ of error dismissed. Jenkins, P. J., and Sutton, J., concur.*

