## PINSON *et al* v. BEAMER.

No. 9913. SEPTEMBER 19, 1934.

*J. H. Paschall*, for plaintiffs in error.
*Maddox, Matthews & Owens* and *Joseph M. Lang*, contra.

ATKINSON, J. ▪ An equitable action was instituted against several persons, for partition, accounting, appointment of a receiver, and other relief. One of the defendants filed general and special demurrers to the petition as amended. The demurrers were overruled. The court also overruled and disallowed a plea in bar interposed by the same defendant. After these rulings, and on the same day, the case was heard on application for injunction and for appointment of a receiver. After introduction of evidence, a motion to dismiss the case was overruled, and the court entered a judgment appointing a receiver. Within less than 20 days from the date of the several orders, the defendant presented a bill of exceptions under the Civil Code, § 6153, relating to fast bills of ex-

504

ceptions, which was duly certified, returnable to the term of the Supreme Court then in session.

■ The several judgments overruling the demurrers, the plea in bar, and the motion to dismiss the case, while reviewable by writ of error sued out and returned in accordance with the Civil Code, §§ 6152, 6170, are not reviewable by a fast writ of error sued out under § 6153. *Bradley* v. *Lithonia & Arabia Mountain Railroad Co.*, 141 *Ga.* 741 (82 S. E. 138) ; *Foster* v. *Case*, 126 *Ga.* 714 (55 S. E. 921) ; *Moody* v. *Cleveland Woolen Mills*, 133 *Ga.* 741 (66 S. E. 908).

■ It is declared by statute : "Courts of equity shall have authority to appoint receivers to take possession of and protect trust or joint property and funds, whenever the danger of destruction and loss shall require such interference." Civil Code, § 5476. Also : "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." § 5477. It has also been held by this court : "Courts of equity have concurrent jurisdiction with courts of ordinary in the administration of the estates of deceased persons, in all cases where equitable interference is necessary or proper for the full protection of the rights of the parties at interest. But a receiver should not be appointed to take the assets out of the hands of the legally appointed representatives, except in cases of manifest danger of loss or destruction, or material injury to the assets." *Thompson* v. *Thompson*, 171 *Ga.* 185 (154 S. E. 889), and cit. In the instant case it appears from the sworn pleadings and the other evidence introduced that the plaintiff and principal defendant were jointly interested in the property under the will of their mother, which was duly probated; that the principal defendant was executrix of the will; that the executrix had tendered her resignation and requested appointment of an administrator with the will annexed; and that the court of ordinary in vacation, and on the same day the resignation was offered, accepted it and appointed an administrator with the will annexed, but that subsequently in a suit between the parties the orders allowing the resignation of the executrix and appointing an administrator with the will annexed had been set aside. There was no allegation that the executrix was insolvent. In these circumstances the principal defendant as executrix was entitled to the

property in question, and no sufficient showing of danger of damage or loss of property was made for interference by a court of equity through instrumentality of a receiver. Under the pleadings and evidence the court erred in appointing a receiver.

*Judgment reversed. All the Justices concur.*