25430. PROCTOR *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED JULY 11, 1936.

*McCullar & McCullar,* for plaintiff.

*Sibley & Allen,* for defendants.

STEPHENS, J. 1. It is essential to the jurisdiction of the Court of Appeals to review on bill of exceptions a judgment of the superior court, rendered on an appeal from an order or decree of the Department of Industrial Relations, that the bill of exceptions be tendered to the judge of the superior court for certification, within twenty days from the date of the rendition of the judgment complained of. *Breedlove* v. *Liberty Mutual Ins. Co.,* 46 *Ga. App.* 465 (168 S. E. 91); Ga. L. 1920, pp. 167, 200, § 59; Code, § 6-903. Although it may be recited in the bill of exceptions that it is tendered to the judge for certification "within the period allowed by law," yet where on the face of the bill of exceptions, immediately preceding the signature of the attorneys for the plaintiff in error, are written the words, "this the 29th day of November 1935," this recital is equivalent to a statement that the bill of exceptions was not tendered for certification before that date. Where it appears that the judgment of the superior court sustaining an award of the Department of Industrial Relations was rendered on November 2, 1935, and it appears from the face of the bill of exceptions that it was not tendered to the judge for certification before November 29, 1935, and was actually certified by the judge on December 2, 1935, it appears affirmatively that the bill of exceptions was not tendered for certification within twenty days from the date of the judgment complained of, as required by law, and was not certified within that period. The Court of Appeals has no jurisdiction to review the judgment complained of.

*Writ of error dismissed. Jenkins, P. J., and Sutton, J., concur.*

JENKINS, P. J. Concurring specially. I concur in the decision rendered in this case, but only because it appears from the dated and signed bill of exceptions that it was not prepared and signed by the attorneys, and therefore could not have been presented to the judge, within the twenty-day period as prescribed by law. The test is, not when the judge signed the bill of exceptions, but when it was presented; and therefore the fact that it

was signed by the judge after the expiration of the twenty days would not be conclusive as to the time of its presentation where the bill of exceptions contains a recital that it was tendered within the period prescribed by law. It is true that "where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered." *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57 S. E. 240). However, there is another well-established rule of law, that where it is recited in a bill of exceptions that it was tendered to the judge within the time prescribed by law, and this recital is certified as true by the judge, the writ of error will not be dismissed because the bill of exceptions was presented too late, even though the certificate of the judge is dated after the period for presentation has expired. *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (35 S. E. 168) ; *Proctor* v. *Piedmont Portland Cement Co.*, 134 *Ga.* 291 (67 S. E. 942) ; *Neal* v. *Mathews*, 27 *Ga. App.* 806 (110 S. E. 24). It follows, that, but for the date of the bill of exceptions itself, this court would not be compelled to dismiss it as having been tendered after the twenty days specified by law. This same situation arose in *Breedlove* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 465 (168 S. E. 91).