HALL *et al.* v. HALL.

*McCullar & McCullar,* for plaintiffs in error.

*Marion Ennis,* and *C. A. Giles,* contra..

JENKINS, Justice. In Baldwin superior court, the plaintiff wife sued her husband, for divorce, alimony, and attorney's fees, and his brother, praying an injunction against their disposal of the husband's home property, and the setting aside of a deed from the husband to the brother. The appearance term of the suit was the July term, 1937, beginning on the second Monday in July, that is, on July 12. Only two terms in a year are provided by law for Baldwin superior court, the second Monday in January and in July. The January term, 1937, or any other term, must, under the statute, have been adjourned "at least five days before the commencement of the next regular term," making the time for such adjournment on or before July 7. Code, § 24-3010. On July 10, 1937, thus falling in the interim between terms, the court entered an order overruling general and special demurrers of both defendants to the petition, and continuing the previous restraining order. This order recited that "the demurrers were submitted . . on May. 10, 1937, with the agreement that I could pass on said demurrers before or at the July term, 1937, of said court." (Code, § 81-1002.) On July 21, 1937, exceptions pendente lite of the defendants to this judgment were certified and filed. On August 6, 1937, the court rendered a judgment granting temporary alimony and attorney's fees. On August 11, 1937, the defendants tendered a fast bill of exceptions, which was certified by the judge. While this bill of exceptions recited that it was presented "within the period allowed by law," it was dated August 11, 1937, more than thirty days after the decision on demurrer. In this single fast bill of exceptions the defendants excepted both to the judgment overruling their general demurrers to the petition and to the judgment awarding alimony and attorney's fees.

The evidence at the temporary alimony hearing was sharply in conflict as to the grounds of cruel treatment by the husband, alleged by the wife in her petition, and the grounds of cruel treatment and misconduct by her, alleged in the husband's cross-petition. It was undisputed, that, under the temporary restraining order, the wife remained in possession of the home, the deed to

which from the husband to his brother she seeks to have set aside against both defendants; that she also remained in possession of the furnishings; that a couple resided with her, although it was not shown what, if any, rent she collected from them; and that she was earning a salary of $29 a month. The husband's property, listed in the petition, consisted of the lots on which the home was located, on which there is an outstanding deed to secure debt, and the value of the husband's equity in which, if his deed were set aside as prayed, was not shown. The only additional property listed was a tract of 80 acres in another county, of the alleged value of $500, which, under the uncontroverted testimony of the husband, consisted only of an equitable interest in 30 or 35 acres of an estate, worth about $3 an acre, and which, because of the debts of the estate, was of no value to him. It was not shown whether at the time of the hearing the husband was employed, and, if so, what he was earning. It was, however, shown that in 1936 he had a job paying 50 cents an hour; that he was a "hard worker," had chopped cotton, and "tried to make a good living for his family," and had been contributing "from $5 to $10 per week . . in cash from his work" before he left home in 1936. There were two minor children, a boy 16 or 17 years old, and a girl of 7. As to the former, a witness testified for the husband that the boy was "now in the C. C. Camp," and "it is my further understanding that his pay, I presume $20 per month, is going to his mother." The boy testified that "clothing, food, and books that are used by [him] have been bought with the money that deponent's mother earned." The mother testified that this son "is dependent upon her, and that her youngest daughter . . is also dependent on her, and that she can not properly clothe, feed, and educate them upon the meager salary she is now drawing." The judge allowed $25 a month temporary alimony for the support of the minor children, and $50 attorney's fee to the wife, payable $10 a month.

1. A ruling merely continuing in force a temporary restraining order is not reviewable by fast writ of error. *Hollinshead* v. *Lincolnton*, 84 *Ga.* 590, 591 (10 S. E. 1094); *Smith* v. *Willis*, 107 *Ga.* 792 (33 S. E. 667); *Hanson* v. *Stephens*, 116 *Ga.* 722, 725 (42 S. E. 1028); *James* v. *Wilkerson*, 164 *Ga.* 149, 150 (138 S. E. 71); *Kennedy* v. *Edenfield*, 159 *Ga.* 816 (126 S. E. 779). Nor is a failure, in a subsequent judgment awarding temporary ali-

mony in the case, to determine the custody of minor children pending the litigation, so reviewable. See *Thompson* v. *Thompson*, 124 *Ga.* 874 (53 S. E. 507).

2. In order to review by direct bill of exceptions a judgment at chambers, overruling a general demurrer to a petition, the bill of exceptions must be tendered within thirty days from the decision. *Kelley* v. *Collins & Glenville R. Co.*, 154 *Ga.* 698 (115 S. E. 67); *Durham* v. *Dowling*, 174 *Ga.* 557 (163 S. E. 503); *Dill* v. *Taylor*, 160 *Ga.* 234 (2-5) (127 S. E. 737); *Harrison* v. *Lyerly Co.*, 155 *Ga.* 695, 696 (117 S. E. 818); Code, § 6-902. Where, after such a decision was rendered between terms of the superior court, another judgment was rendered, awarding. alimony and attorney's fees, and a single fast bill of exceptions was tendered within the required twenty days from the latter judgment, but not within thirty days from the judgment on demurrer, the belated exceptions to the first judgment can not be considered, and only the exceptions to the award of alimony and counsel fees can be determined. See *Daniel* v. *Chastaine*, 177 *Ga.* 730 (171 S. E. 373), and cit.; *Reed* v. *Warnock*, 146 *Ga.* 483 (2) (91 S. E. 545). This is true irrespective of whether or not, since the constitutional amendment of 1916 (Ga. L. 1916, p. 19; Code, §§ 2-3005, 2-3009), as to the docketing and hearing of "all writs of error" without regard to their nature, this court can, upon such a *single fast bill of exceptions*, pass not only upon exceptions to the latter judgment, but also on exceptions to a previous judgment on demurrer, if the single bill of exceptions was tendered within the statutory time from the first judgment. See *Redwine* v. *Glover*, 45 *Ga.* 134; *Jones* v. *Jones*, 58 *Ga.* 184; *Jones* v. *Kelly*, 63 *Ga.* 437, 438; *Town of Alapaha* v. *Paulk*, 130 *Ga.* 595 (2) (61 S. E. 401); *Carrington* v. *Citizens Bank of Waynesboro*, 140 *Ga.* 798, 800 (80 S. E. 12); *Pinson* v. *Beamer*, 179 *Ga.* 503 (176 S. E. 376). But see *Purdom Naval Stores Co.* v. *Knight*, 129 *Ga.* 590 (2), 594 (59 S. E. 433). The instant defendants having also taken exceptions pendente lite to the judgment on their demurrers to the petition, the questions raised by such exceptions can be presented, if necessary and desired, after the conclusion of the case by a reviewable judgment. See *Durrence* v. *Waters*, 143 *Ga.* 223 (2) (84 S. E. 471); *Richter* v. *Macon Gas Co.*, 147 *Ga.* 600 (95 S. E. 10).

3. While under the Code, § 30-205, the judge, on a temporary

alimony application, may now inquire into the cause and circumstances of the separation, and in his discretion may refuse the alimony altogether, yet where on such a hearing he follows the usual course and awards it to the wife, the exercise of his discretion will not be disturbed merely because the evidence was in conflict as to the cause and circumstances of the separation. *Gaulding* v. *Gaulding,* 184 *Ga.* 689 (192 S. E. 724), and cit.

4. "A husband may be decreed to pay . . alimony, although he may not have property either at the time of the filing of the libel for divorce or at the time of the trial, if it appears that he has an earning capacity." This is true even though he is "not equipped to follow any trade or profession," if he is of "robust health, capable of performing manual labor, . . and earning the usual wages for such services." *Johnson* v. *Johnson,* 131 *Ga.* 606 (2) (62 S. E. 1044). A reasonable allowance under all the circumstances is proper, even though the husband at the time of the hearing may have no property or employment. *West* v. *West,* 155 *Ga.* 366 (116 S. E. 540) ; *Jansen* v. *Jansen,* 160 *Ga.* 618 (3) (128 S. E. 902). "In the allowance of attorney's fees, while the financial condition of the husband must have due weight with the court, still, except in cases where the husband is unable to pay a fee, or more than merely nominal compensation, the allowance . . should be sufficient to insure . . proper legal representation, . . and the exercise of a sound discretion in applying these principles . . will not be disturbed." *Curtis* v. *Curtis,* 173 *Ga.* 111 (159 S. E. 862) ; *Preston* v. *Preston,* 160 *Ga.* 200 (127 S. E. 860). "The court has a discretion as to the sum allowed for counsel fees, even where there is no evidence as to the value of services rendered." *Ogletree* v. *Ogletree,* 169 *Ga.* 366 (3) (150 S. E. 167), and cit. Under the preceding rulings, no abuse of discretion was shown in the grant of $25 a month temporary alimony for the support of two minor children, and $50 attorney's fees, payable $10 a month.

5. Where several persons bring a bill of exceptions, either the costs must be paid, as provided by the Code, § 6-1702, or the affidavit in forma pauperis, as required by the Code, §§ 6-1004, 24-3622, 24-3623, 24-3624, 24-4521 to 24-4523, inclusive, must be made by all the plaintiffs in error. *Taylor* v. *New England Mortgage Security Co.,* 95 *Ga.* 571 (20 S. E. 636) ; *Oliver* v. *State,* 160 *Ga.* 365

(127 S. E. 732). In the absence of the affidavit in forma pauperis, upon affirmance or dismissal of the case the plaintiffs in error are chargeable with the costs of the writ of error. *McGuire* v. *Johnson*, 25 *Ga.* 604 (2) ; *Markham* v. *Ross*, 73 *Ga.* 105. Where, in this case, an equitable petition for alimony and cancellation of a deed, alleged to have been made to defeat alimony, was brought by a wife against her husband and the grantee under the deed, and the court overruled the joint general and special demurrers of the defendants to the petition, and granted temporary alimony to the wife, and both defendants brought a joint fast writ of error to this court, assigning error on both the judgment granting alimony and the judgment on the demurrers, and only the husband filed the pauper affidavit required of both plaintiffs in error, the other plaintiff in error is not entitled, on motion in this court, to a refund of the $15 cost deposit which he previously paid to avoid a dismissal of the entire bill of exceptions. Under the preceding rules, this is true even though the movant is not directly concerned with the grant of alimony, and is concerned only with the ruling on the demurrers, and even though on the joint fast writ of error only the question of alimony, and not the judgment on the demurrers, to which exceptions pendente lite also were filed by the defendants, can be considered. See *Walker* v. *Equitable Mortgage Co.,* 114 *Ga.* 862 (2), 866 (40 S. E. 1010).

*Judgment affirmed. All the Justices concur.*