## McMILLAN *et al. v.* MILLEDGEVILLE BRICK WORKS COMPANY *et al.*

No. 13706. APRIL 18, 1941.

*C. B. McCullar,* for plaintiffs.

*Spalding, Sibley, Troutman & Brock, Sibley & Allen, Alston, Foster, Moise & Sibley, Frank W. Bell,* and *Henry J. Miller,* for defendants.

REID, Chief Justice. The bill of exceptions contains the usual recital that "now, within the time required by law, and within thirty days of the date of the final order and judgment complained of herein, comes the plaintiffs in error and tenders this, their bill of exceptions," etc. The judgment to which exceptions are taken was rendered on December 30, 1940. The certificate of the judge, dated January 30, 1941, is in the form prescribed by the Code, § 6-806, with the following additional statements added thereto by the judge above his signature in handwriting: "I also certify that the term at which this case was heard did not expire until Jan. 8th, 1941. Counsel called me on Jan. 29th, 1941, and I agreed to consider this bill presented on said date but said bill to be signed this date." There is a motion to dismiss the writ of error on the ground that it does not affirmatively appear that the bill of exceptions was tendered in due time.

The judgment excepted to appears to have been rendered at chambers, this for the reason that the suit was pending in Baldwin superior court, and the judgment is dated at Gray, Georgia, which is located in another county of the Ocmulgee Judicial Circuit; and this being true it was necessary that the bill of exceptions be tendered within thirty days from the date of the judgment, even though the term of the court in which the suit was pending did not adjourn within thirty days from the date of its organization and opening. Code, § 6-902; *In re Ross,* 95 *Ga.* 569 (20 S. E. 268); *Kelley* v. *Collins & Glennville R. Co.,* 154 *Ga.* 698 (115 S. E. 67); *Harrison* v. *Lyerly Ginneries & Warehouse Co.,* 155 *Ga.* 695 (117 S. E. 818); *Dill* v. *Taylor,* 160 *Ga.* 234 (127 S. E. 737); *Hall* v. *Hall,* 185 *Ga.* 502 (195 S. E. 731); *Proctor* v. *Statesboro*

*Tobacco Warehouse Co.,* 42 *Ga. App.* 707 (157 S. E. 338). It follows that the last day for tendering the bill of exceptions, assigning error on the final judgment rendered on December 30, 1940, was January 29, 1941.

It is essential to this court's jurisdiction of a writ of error that it affirmatively and unequivocally appear that the bill of exceptions was tendered within the time required by law. *Jones* v. *State,* 146 *Ga.* 8 (90 S. E. 280), and cit. Had the judge simply certified the bill of exceptions in the form prescribed in the Code, § 6-806, it would have been conclusively presumed that the bill of exceptions was tendered within time, even though the date of the certification was January 30, 1941, the day after the final date for tender, since the bill recites, as already stated, that it was tendered "within the time required by law, and within 30 days." *Sweat* v. *Barnhill,* 171 *Ga.* 294 (155 S. E. 18) ; *Harris* v. *Plains Mercantile Co.,* 187 *Ga.* 337 (200 S. E. 241) ; *Pierce* v. *Powell,* 188 *Ga.* 481, 483 (4 S. E. 2d, 192) ; *Neal* v. *Mathews,* 27 *Ga. App.* 806 (110 S. E. 24) ; *McCorkle* v. *Pullman Co.,* 60 *Ga. App.* 879, 883 (5 S. E. 2d, 382). The judge did not, however, stop with merely certifying the bill in the usual form, but added thereto in handwriting above his signature the statement that "Counsel called me on January 29th, 1941, and I agreed to consider this bill presented on said date, but said bill to be signed this date." This statement in the certificate must be taken as having been made in explanation of the allegations of the bill in regard to tender, and in our opinion it excludes the idea that the bill was actually delivered into the possession of the judge for certification on January 29, which is the only tender that would suffice. The expression, "counsel called me on January 29th," is calculated in its context, and upon a reasonable interpretation, to convey the meaning that counsel telephoned him on that date; and if so considered, the statement would simply indicate that by virtue of such call, and not an actual tender of the bill, he agreed to consider it presented on that date. To say the least, it renders it so doubtful and ambiguous on the question of actual tender that we can not say that it affirmatively appears that such a tender was made. This being true, and since the judge had no authority to extend the time of tender of the bill (*Hamilton* v. *Georgia-Pacific Ry. Co.,* 85 *Ga.* 644, 11 S. E. 1029), the writ of error must be *Dismissed. All the Justices concur.*