## BRUMFIELD *v.* JACKSON *et al.*

*William B. Kent & Son,* for plaintiff.

*Jackson & Darby* and *John W. Crenshaw,* for defendants.

JENKINS, Justice. 1. "The bill of exceptions shall be tendered to the judge who presided in the cause within thirty days from the adjournment of the court or the date of the decision at chambers; and in the event that the court shall not adjourn within thirty days from the date of the organization and opening of the court, such bill of exceptions shall be tendered to the judge who presided in the cause within sixty days from the date of the decision, judgment, verdict, or decree rendered." Code, § 6-902. It is well settled that the sixty-day period thus provided applies only to "term time" decisions, and that a bill of exceptions from an order entered in a matter at chambers or in vacation must be tendered within thirty days thereafter. *Miller* v. *Butler,* 137 *Ga.* 119 (72 S. E. 918) ; *Zachry* v. *Peoples Bank of Franklin,* 168 *Ga.* 469 (148 S. E. 165) ; *McMillan* v. *Milledgeville Brick Works Co.,* 192 *Ga.* 79 (14 S. E. 2d, 570) ; *Dill* v. *Taylor,* 160 *Ga.* 234 (2, 5) (127 S. E. 737) ; *In re Ross,* 95 *Ga.* 569 (20 S. E. 268) ; *Harrison* v. *Lyerly Ginneries &c. Co.,* 155 *Ga.* 695 (117 S. E. 818) ; *Columbia Fire Insurance Co.* v. *Sams,* 141 *Ga.* 641 (81 S. E. 856) ; *Foster* v. *McLanahan,* 51 *Ga. App.* 269 (2) (180 S. E. 144).

2. The test is, not when the judge *signed* the bill of exceptions, but when it was *presented.* But "where it does not affirmatively appear from the record that the bill of exceptions was *tendered* upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered." *Crawford* v. *Goodwin,* 128 *Ga.* 134 (3) (57 S. E. 240) ; *Jones* v. *State,* 146 *Ga.* 8 (2) (90 S. E. 280). If, however, it should be recited in the approved bill of exceptions that it was tendered to the judge within the time prescribed by law, such approved recital will be given effect, even though the certificate of the judge may be *dated* after the period for presentation has

expired, unless it be that the bill of exceptions itself bears a date which positively and specifically negatives the approved general recital in the bill of exceptions that it was presented in time. This is true for the reason that it is manifest that a bill of exceptions could not possibly have been presented before the disclosed date of its belated preparation. In such a case, it has many times been held that a mere general recital, approved after the time for presentation of the bill of exceptions has expired, that it was tendered within the time allowed by law will not prevent a dismissal, where it shows on its face that it was not even prepared and signed within the time prescribed by law for its presentation. *Pierce* v. *Powell,* 188 *Ga.* 481, 483 (4 S. E. 2d, 192); *Hartley* v. *Marietta Nursery Co.,* 138 *Ga.* 736 (76 S. E. 39); *Proctor* v. *U. S. F. & G. Co.,* 53 *Ga. App.* 776, 777 (187 S. E. 253), and cit.; *Breedlove* v. *Liberty Mutual Insurance Co.,* 46 *Ga. App.* 465 (168 S. E. 91), and cit. The basis of this rule is that if there is a conflict between the bill of exceptions and the transcript of the record, the conflict must be decided by an inspection of the transcript, and the bill of exceptions must yield to the record so far as relates to matters of record. *James* v. *Cooledge,* 129 *Ga.* 860 (4) (60 S. E. 182); *Southern Ry. Co.* v. *Flemister,* 120 *Ga.* 524, 526 (48 S. E. 160), and cit.; *West* v. *Embree,* 146 *Ga.* 653, 654 (92 S. E. 64); *Dismuke* v. *Trammell,* 64 *Ga.* 428 (2); *Butler Ice &c. Co.* v. *Georgia Power Co.,* 49 *Ga. App.* 145 (174 S. E. 479). Especially would the rule obtain where the statement in the bill of exceptions that it was presented in time is general in character, whereas its own date specifically shows on its face that such could not be the case, since it was not even prepared and signed until after the required date for its presentation had elapsed.

3. Although Rule 33 of this court (Code, § 24-4537) provides that "no motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error five days before the case is called for argument," this rule can not possibly have reference to questions involving a determination by this court as to its own jurisdiction, since the rule also provides that "if the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." The failure to present a bill of exceptions within the time prescribed by the Code, § 6-902, being jurisdictional (*Har-*

*rison* v. *Lyerly Ginneries Co.,* supra), it necessarily follows that in such a case this court has "no option in the premises, but the law which gives us our only authority to hear and review any case requires us not to hear but to dismiss" such writ of error (*Dismuke* v. *Trammell,* supra), and this is true, even though a formal motion to dismiss may not have been filed at least five days before the call of the case for argument, or even though no such motion has been filed at all. *Etheridge* v. *Henderson,* 188 *Ga.* 189 (2) (3 S. E. 2d, 674), and cit.; *Henderson* v. *Anderson,* 188 *Ga.* 118 (3 S. E. 2d, 97); *Van Ormer* v. *Harris,* 184 *Ga.* 411 (191 S. E. 378).

4. Under the preceding rulings, although the bill of exceptions, signed on October 3, 1941, contains an approved general recital that it was tendered "within the time prescribed by law," the specific recited date of the bill of exceptions itself is that it was signed by counsel for the plaintiff in error "this the 1st day of October, 1941;" and this date must be taken as the earliest possible date of the tender. And where the record itself contradicts the statement contained in the bill of exceptions, that two separate petitions were merged by order of the court, and that the bill of exceptions was taken from a judgment dismissing the case on September 22, 1941, by showing that there was no order or agreement of merger of two separate petitions, and no judgment of September 22, 1941, but the only judgments were separate orders of dismissal, the first on March 21, 1941, dismissing the first petition, and the other on August 25, 1941, dismissing the second petition, and where the clerk certifies that "said case was passed on at chambers in vacation," and attention is called to these facts in the brief of the defendants in error, although no formal motion to dismiss was filed until the day of argument, the bill of exceptions must be dismissed as not having been tendered within the required thirty days from *either* of the judgments rendered at chambers. It is unnecessary to consider other grounds to which attention is called by brief or the motion to dismiss, or to refer to the supplemental certificate of the trial judge, by which he sought to amend the bill of exceptions and his original certificate, by denying statements in the bill of exceptions as to facts, by referring to the record, and by adding facts not of record. See *Langston* v. *Langston,* 141 *Ga.* 675 (4) (82 S. E. 36), and cit.; *Reynolds Banking Co.* v. *Beeland,* 142 *Ga.* 242 (82 S. E. 662); *Cordray* v. *Savannah Union Station*

*Co.,* 134 *Ga.* 865 (68 S. E. 697) ; Code, § 6-810(1), containing the exception to the rule which precludes a supplemental certificate.

*Writ of error dismissed.    All the Justices concur.*