39733. SPADLO, INC. v. LISENBY.

BELL, Judge. The defendant has moved to dismiss the writ of error.

The record shows that although the trial judge returned the bill of exceptions to the plaintiff on April 13, 1962, for the correc-

tion of errors specified, the plaintiff did not retender its corrected bill of exceptions until May 15, 1962. This retender was made on the 32nd day.

A party retendering a bill of exceptions returned to him for correction or completion must retender it within the same period of time, 30 days, as is allowed by law for the tender of the original bill of exceptions unless a longer period is given for providential cause or imperative necessity. When a delay of more than 30 days intervenes, the providential cause or imperative necessity which occasions the delay must affirmatively appear in the judge's certificate. *White v. Griggs,* 214 Ga. 392 (104 SE2d 890).

The judge's certificate to the present bill of exceptions did not state any providential cause or imperative necessity for the delay beyond 30 days in the retendering by the plaintiff of the corrected bill of exceptions.

As the record shows that the 30th day for retendering fell on a Sunday, the last day a valid retender could have been made was on Monday, May 14, 1962, but the bill of exceptions was not retendered until the following day, May 15, 1962. This being so, the motion to dismiss the writ of error must be sustained. The defect is jurisdictional, and we have no choice. *White v. Griggs,* 214 Ga. 392, supra, and *Spivey v. Nalley,* 212 Ga. 810 (96 SE2d 260).

*Writ of error dismissed. Felton, C. J., and Hall, J., concur.*

DECIDED SEPTEMBER 11, 1962.

*Albert B. Wallace,* for plaintiff in error.
*Hansell, Post, Brandon & Dorsey, Hugh E. Wright,* contra.