40151. HOWES v. FIRST NATIONAL BANK & TRUST COMPANY IN MACON et al.

RUSSELL, Judge. Where a bill of exceptions is tendered to the trial judge and by him returned to the plaintiff in error for the purpose of correction under *Code Ann.* § 6-909, the longest period the plaintiff in error has for this purpose, in the absence of providential cause or imperative necessity appearing from the certificate of the judge, is 30 days. *Phillips v. Taylor*, 214 Ga. 221 (104 SE2d 96). In this case a motion to dismiss has been made on the ground that after the bill of exceptions was tendered to the trial judge on October 18, 1962, and after various conferences between the parties as to the contents of the record and a hearing before the trial court as to possible changes, which hearing was held on January 3, 1963, and resulted in agreement as to the contents of the record, the bill of exceptions was not thereafter retendered and certified until March 22, 1963, a period of 78 days after final agreement between the judge and the attorneys, and a period of 155 days from the first tender. Assuming that the time consumed prior to January 3 is properly accounted for, there appears no reason why the bill of exceptions should not have been retendered within a 30 day period thereafter. Under the rule stated in *Phillips v. Taylor*, 214 Ga. 221, supra, the delay has caused this court to lose jurisdiction, and the writ of error must be

*Dismissed. Felton, C. J., and Eberhardt, J., concur.*
DECIDED JUNE 18, 1963.

*John Hendrix Crutchfield, Hugh A. Wells,* for plaintiff in error.

*Jones, Sparks, Benton & Cork, Frank C. Jones,* contra.