41369. FAIRCLOTH v. EMPLOYERS MUTUAL FIRE INSURANCE COMPANY.

FRANKUM, Judge. 1. That the bill of exceptions was tendered for certification within the time required by law must affirmatively appear from the bill, the entries thereon, or the record. *Whiteman v. Federal Land Bank,* 185 Ga. 26 (3) (193 SE 881); *McMillan v. Milledgeville Brick Works Co.,* 192 Ga. 79 (14 SE2d 570); *Blair v. Blair,* 209 Ga. 347 (1) (72 SE2d 288). No presumption will be indulged in in favor of the timeliness of the tender of the bill. *Mayor &c. of Monticello v. Lawrence & Pope,* 62 Ga. 672. The foregoing rules enun-

ciated with respect to the original tender of the bill of exceptions apply with equal force to the retender of the bill of exceptions after its return by the trial judge to counsel for the plaintiff in error for correction. *Allison & Davis v. Jowers,* 94 Ga. 335 (21 SE 570).

2. While under the provisions of *Code Ann.* § 6-909, it has been held that counsel should have a reasonable time in which to retender the bill of exceptions (*Walker v. Wood,* 119 Ga. 624, 626, 46 SE 869), it is now firmly established that where, upon the tender of the bill of exceptions for certification, the trial judge returns it to counsel for correction, that in the absence of a delay occasioned by providential cause or imperative necessity, the bill of exceptions must be retendered after its return within the time provided by law for its initial tender. *Phillips v. Taylor,* 214 Ga. 221 (104 SE2d 96); *Bryant v. State,* 74 Ga. App. 223 (39 SE2d 452); *Cochran v. George,* 95 Ga. App. 288 (97 SE2d 622); *Spadlo, Inc. v. Lisenby,* 106 Ga. App. 530 (127 SE2d 494); *Howes v. First Nat. Bank &c. Co.,* 108 Ga. App. 49 (131 SE2d 815). The judge's certificate appended to the bill of exceptions in this case shows that it was originally tendered to the judge on March 17, 1965, and "after a meeting with counsel for both parties it was returned to counsel for plaintiff in error for correction," and was retendered to the judge on the 17th day of April, 1965. While under the provisions of *Code Ann.* § 6-909, the judge might have retained the bill of exceptions for ten days before returning it to counsel, no presumption that this was done prevails. The language of the certificate, properly construed, shows only that the bill was returned to counsel on March 17, 1965, and not retendered until April 17, 1965, and it therefore, not only fails to show affirmatively that it was retendered within 30 days from the date of its return to counsel for correction, but affirmatively shows that it was not retendered to the court within time. See *McMillan v. Milledgeville Brick Works Co.,* 192 Ga. 79, supra; *Howell v. Cornelison,* 58 Ga. App. 437 (198 SE 803). The certificate also fails to show that the delay was occasioned by providential cause or imperative necessity. Therefore, this court is without jurisdiction to entertain the writ of error, and the motion to dismiss must be sustained.

*Writ of error dismissed. Bell, P. J., and Hall, J., concur.*

Submitted June 9, 1965—Decided July 2, 1965.

*Arthur F. Copeland,* for plaintiff in error.

*Foley, Chappell, Young, Hollis & Schloth, B. H. Chappell,* contra.